GRANT & Another *v.* PHŒNIX LIFE INSURANCE COMPANY.

APPEAL FROM THE SUPREME COURT OF THE DISTRICT OF COLUMBIA.

Argued March 25, 1887. — Decided April 4, 1887.

In a suit in equity to enforce trust deeds, a receiver appointed to receive rents and to lease unrented property, may apply to the court for directions in regard to the expenditure of funds in his hands as receiver.

The reference of a suit in equity by the Special Term of the Supreme Court of the District of Columbia to the General Term for hearing in the first instance does not deprive the Special Term of authority to afterwards hear such application of the receiver, especially when the General Term has made an order granting leave to the receiver to apply to the Special Term for instructions.

Such an application may be made by the receiver to the Special Term even

after an appeal to this court from the final decree of the General Term, which operates as a supersedeas.

An order of the General Term remanding to the Special Term a petition of the receiver that a tenant may attorn to him, for inquiry into the facts, and action on the petition, is an interlocutory order and not appealable to this court.

THE case is stated in the opinion of the court.

*Mr. Joseph E. McDonald* and *Mr. H. W. Blair* for appellants.

*Mr. William F. Mattingly* and *Mr. M. F. Morris* for appellee.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

After the making of the final decree of June 16, 1883, by the General Term of the Supreme Court of the District of Columbia, in the case of the Phœnix Mutual Life Insurance Company against Albert Grant and others, the appeal from which decree, (taken by Grant,) has just been decided, [*ante,* 105,] the receiver appointed by the interlocutory decree of March 2, 1882, obtained from the court in Special Term, on the 8th of January, 1886, an order, on notice to Grant, authorizing the receiver to make such necessary repairs to the houses on the lots involved in the litigation as in his judgment are essential to the preservation of the property and to its occupation by tenants, with due regard to economy, and, among other repairs, to put in proper working condition the machinery and apparatus used in supplying the houses with water. Grant appealed to the General Term from this order, and on the 5th of April, 1886, it was affirmed. Grant has appealed from this order of affirmance to this court.

On the 11th of October, 1884, the receiver appointed by the interlocutory decree of the General Term, of March 2, 1882, applied by petition to the Supreme Court of the District of Columbia, in Special Term, for an order requiring Henry W. Blair, not a party to the cause, but who was in the possession and occupation of the house on one of the lots covered by the

decree, to attorn and pay rent to the receiver.   On a hearing, on notice to Blair and on his appearance, the Special Term directed the application to be heard in the first instance by the General Term; and the General Term, on the 5th of April, 1886, made an order remanding the matter to the court in Special Term, for reference by it to the auditor of the court, with leave to Blair to show by proof the time when, and the terms and conditions under which, he entered into possession of the property in question, under Grant, the amount of money paid by him to Grant, for what purpose it was paid, and whether such money or any part thereof, and how much, was expended by Grant in betterments upon any of the property in the custody of the receiver, with leave to the plaintiff, and to the receiver also, to introduce pertinent testimony before the auditor, the auditor to ascertain all facts material to the subject matter of the reference, and report the same, with his conclusions, to the court in Special Term, for its action. From this order Blair and Grant have appealed to this court. The appellants contend, on these two appeals, (1) that the receiver, not being a party to the cause, has no independent standing in court, and cannot institute any proceeding on his own motion; (2) that the Special Term of the Supreme Court of the District of Columbia has not, since its order made on the 9th of February, 1881, referring the cause to the court in General Term, for hearing in the first instance, had any jurisdiction of the suit; (3) that the General Term has had no jurisdiction of the suit since the perfecting of the appeal to this court from the final decree of June 16, 1883.

We are of opinion that a receiver such as the one in this case, in charge of property such as that in this case, has a right to apply to the court for directions in regard to the expenditure of funds in his hands as receiver.

In regard to the jurisdiction of the Special Term since the order of the 9th of February, 1881, we are of opinion that the making of that order did not deprive the court in Special Term of its jurisdiction to act in the matter covered by the order of the 8th of January, 1886.   Besides, the General Term, in its interlocutory decree of March 2, 1882, granted

leave "to the receiver to apply to the court, or this court in Special Term, for such instructions and orders as may be proper."

We are also of opinion that the appeal to this court from the final decree of June 16, 1883, even though perfected with a *supersedeas*, did not deprive the court below of its power to adjudicate upon such a matter as that involved in the order of January 8, 1886. There is nothing in this view inconsistent with the general rule that an appeal suspends the power of the court below to proceed further in the cause, by executing the decree. The order of January 8, 1886, was strictly confined to the preservation of the property in litigation.

As to the order of the General Term of April 5, 1886, in the Blair matter, it was clearly merely an interlocutory order, and not a final one, in reference to the matter to which it relates, as it merely directed proceedings in the court in Special Term in reference to the application made in regard to Blair, with a view to a decision upon the application.

*The order affirming the order of January 8, 1886, is affirmed, and the appeal from the order of April 5, 1886, in regard to Blair, is dismissed for want of jurisdiction.*