THE McKINNON-YOUNG COMPANY, A CORPORATION, S. H. McKINNON, ED. GOINS, M. F. MARSHBURN AND B. V. PAGE, APPELLANTS, v. JOHN N. C. STOCKTON AND E. W. LANE AS TRUSTEES, APPELLEES.

APPEAL WITH SUPERSEDEAS—EFFECT OF ON POWER OF COURT OF ORIGINAL JURISDICTION—RECEIVERS, REMEDIES OF—LICENSE TO GATHER TURPENTINE FROM TREES ON LAND, REVOCATION OF.

1.  The real effect of an appeal with supersedeas is to suspend the power of the court of original jurisdiction to make any order tending towards an *execution* or *enforcement* of the order or decree appealed from, but it does not interfere with the power of such court to make any order necessary for the preservation of the funds or property involved in the litigation pending such appeal, when such orders or decrees do not tend towards an *execution* or *enforcement* of the order or decree appealed from or to place the funds or property involved beyond the reach or control of the judgment or decree of the appellate court.

2.  Where the properties of a corporation are taken possession and control of by a court of equity in a suit brought against the corporation by its creditors, and placed by the court in the hands of its receivers, it is an unwar-

ranted interference with the rights of such receivers for a third party, under a claim of a prior verbal agreement with the president of such corporation, to obtain from such president, subsequent to the appointment of the receivers, a written instrument granting rights in the real property in the hands of such receivers, and to attempt to. exercise the pretended rights in and over such properties thus obtained, and such receivers have the right, under such circumstances, by summary petition addressed to the court of their appointment to enjoin such interference, and to proceed against such interfering party, as for a contempt of court. Such written instrument obtained under such circumstances is a nullity. If such third party had in fact a valid and *enforceable* verbal agreement with such corporation granting rights in its real estate prior to the appointment of a receiver for such properties, and desired after the receiver's appointment either to enforce such verbal agreement, or to have it evidenced by a written instrument, he should have applied to the court appointing the receiver either for its enforcement or for leave to have it evidenced by a written instrument.

3. Where the president of a corporation by a verbal agreement grants permission to another to box and gather the turpentine from the pine trees growing upon the lands of the corporation, such verbal permit amounts to nothing more than a license, which license terminates and becomes void upon the appointment of a receiver for the properties of such corporation at the suit of its creditors.

This case was decided by Division B.

Appeal from the Circuit Court for Levy County.

## STATEMENT.

The Wylly-Gabbett Company, a corporation, on the 8th day of August, 1904, executed a trust deed in the

nature of a mortgage to George W. Owens and C. L. Heller upon upwards of forty-one thousand acres of timbered lands in Levy county, Florida, besides other properties, to secure a large indebtedness due from the said corporation to various creditors. C. L. Heller did not accept the trust or resigned. George W. Owens as trustee, on or about the 5th day of May, 1905, filed his bill in the circuit court of Levy county against the said Wylly-Gabbett Company for the foreclosure of said mortgage and for the appointment of a receiver for the mortgaged properties. On the 5th day of May, 1905, said circuit court made an order in said cause appointing the said George W. Owens receiver in said cause of all of the mortgaged properties, both real and personal and mixed, and therein ordered the said Wylly-Gabbett Company, defendant, to put said receiver in possession of all of such property. On the 12th day of June, 1905, H. A. Williams, L. C. Hester *et al.*, filed their bill in the circuit court of Levy county against the said Wylly-Gabbett Company, George. W. Owens, *et al.*, alleging that they were unsecured creditors of the said Wylly-Gabbett Company and that said mortgage to said Owens was fraudulent, null and void as to them and other creditors not secured, and praying that said mortgage might be adjudged to be null and void, and that the properties of said Wylly-Gabbett Company might be put into the hands of receivers to be appointed in such suit and that the foreclosure of said mortgage might be enjoined and the receiver appointed in such foreclosure proceeding might be discharged, and that the properties of the said Wylly-Gabbett Company might be sold and the proceeds paid over to such creditors in satisfaction of their claims. On August 14th, 1905, the court made an order in the latter

suit staying further proceedings in the foreclosure suit, and by consent of all parties appointed E. W. Lane as receiver of the properties, but did not disturb the former appointment of George W. Owens as receiver. On January 5th, 1906, all of the creditors of said Wylly-Gabbett Company entered into a written agreement to the effect that all of the properties of said company should be conveyed, with the sanction of the court in said cause, to E. W. Lane and John N. C. Stockton as trustees in fee to sell said lands to the best advantage as soon as practicable and to convert the personal properties into money, and the proceeds of all such properties to be deposited in one or more banks in the city of Jacksonville subject to any distribution thereof that might be agreed upon by all parties concerned or subject to the final orders of the court in such suits. The Wylly-Gabbett Company in January, 1906, in compliance with such agreement of their creditors, executed a deed absolute to the said Lane and Stockton in trust to all of said porperties. On February 9th, 1906, the circuit judge made an order authorizing and confirming the appointment of Lane and Stockton as trustees and the conveyance to them as such of all the properties in dispute, and requiring the two receivers Owens and Lane theretofore appointed to turn over to said Stockton and Lane as trustees all of the said properties, and discharging said Owens and Lane as receivers and authorizing the said Stockton and Lane as trustees to sell all of said properties and to convey the same by proper conveyances and to deposit the proceeds as agreed upon by the parties. On March 23rd, 1906, the circuit court rendered a final decree in the said suit of H. A. Williams *et al.*, against the Wylly-Gabbett

47—S C

Company et al. whereby the said mortgage to the said Owens as trustee was adjudged to be fraudulent and void as to the unsecured creditors of said Wylly-Gabbett Company, and directing that the said trustees Stockton and Lane proceed with all convenient speed to sell and convey the properties in their hands and that they make report to the court of their actings and doings in the premises. On April 12th, 1906, the defendants in said bill took their appeal from said decree to this court, which appeal has been passed upon here at the present term, resulting in a reversal of the said last mentioned decree of the circuit court, and adjudging the said mortgage to the said Owens to be in all respects valid and free from fraud, and entitled to preference in the distribution of the proceeds of the properties covered thereby, but not disturbing the said appointment, by consent of all the parties, of said Stockton and Lane as trustees to dispose of the properties. See case of Wylly-Gabbett Company v. H. A. Williams *et al.,* decided here at the present term. Upon said appeal there was a supersedeas of said decree, which supersedeas was subsequently, on June 26th, 1906, modified by an order of this court on the consent of all the parties, so as not to interfere with the disposition by said trustees Stockton and Lane of the properties in their hands in consonance with the decree appealed from.

On June 30th, 1906, the said Stockton and Lane as trustees filed their petition in the circuit court of Levy county in the said cause in which they had been appointed as such trustees against the appellants herein, The McKinnon-Young Company, S. H. McKinnon, Ed Goins, M. T. Marshburn and B. V. Page, which petition is in the words following, to wit:

"To the Honorable J. T. Wills, Judge:

Your petitioners, J. N. C. Stockton and E. W. Lane, as trustees duly appointed by the court, upon application and resolution of all the creditors of the Wylly-Gabbett Company, as will appear by the proceedings filed and had herein respectfully show unto your honor:

1. That under the direction of the court they received a deed of conveyance from the Wylly-Gabbett Company, of its entire estate, on the 23rd day of January, 1906, and acting thereunder, and under the further order of the court, they have received said estate and proceeded according to the direction of the court to make sales thereof.

2. That besides other sales of portions of the property so conveyed to and received by them, they, on the 16th day of May, 1906, negotiated a sale of all the land and structures thereon, of said estate, and all machinery, engines and other property of said estate, except the railroad iron, which had already been sold, and entered into a contract for the sale thereof, as will appear by copy of said contract, hereto attached, as a part hereof, and marked exhibit 'A.'

3. That in and by the terms of said contract the rights of the McKinnon-Young Company, a corporation, to turpentine the pine timber on said land as reserved and expressed on deed book 'U,' at pp. 679-680, public records of Levy county, Florida, were excepted, as appears by said contract, and that said rights of said company are so reserved and described in a certain deed from said McKinnon-Young Company to Wylly & Gabbett, as appears of record as above stated; certified copy of all said reservations in said deed is hereto attached, as a part hereof, and marked exhibit 'B.'

4.   That such reservations constitute the entire right
of the McKinnon-Young Company to operate the timber
on said estate for turpentine purposes, or otherwise,
and said deed was the only notice, actual, constructive or
otherwise, of any right, or claim of right, of the McKin-
non-Young Company, in said estate, and was the only
knowledge or information of your trustees of any right
or claim of right of said company in and to said timber.

5. That by the terms of said reservation, the right of
said company had expired at the time of the executing of
said deed to a large portion of the timber, and in Decem-
ber, 1903, such rights expired as to other large portions
of said timber, and in December, 1904, such rights
expired as to other large portions of said timber.
That such rights expired as to *one-half* of all
the timber, on or about 13,080 acres, designated on
map hereto attached as part hereof, marked Exhibit
'C,' *in red,* and classed as No. 1, on December 1st, 1905;
and on *all timber* on about 10,480 acres, designated on
map *in black,* and classed as No. 2, such rights expired
on December 1st, 1905, and on one-half of the timber on
about 8,320 acres, designated on said map *in yellow,* and
classed as No. 3, such rights expired on December 1st,
1905; and on about 7,800 acres, designated on said map
*in green* and classed as No. 4, such rights expired as to
one-third (1-3) December 1st, 1904, and as to another
one-third (1-3) December 1st, 1905; and all rights on all
the balance of the timber are to expire December 1st, 1906.

6.   That after the negotiation of said sale, and the
payment of the first amount to be paid by the purchasers,
and after abstracts of title to said lands had been made,
the said McKinnon-Young Company sent a telegram to
the purchasers, copy of which is hereto attached as a

part hereof, marked exhibit 'D,' making claim as appears therein to the right to operate the whole of the timber on said estate until December 1st, 1906, contrary to the terms of said reservations in said deed, and thereafter, on the 26th day of May, A. D. 1906, the said McKinnon-Young Company procured to be recorded, without any authority of law, a certain statement of the Wylly-Gabbett Company, defendant herein, dated May 24th, 1906, as also a letter attached thereto, purporting to have been written by T. S. Wylly, Jr., president of Wylly-Gabbett Company, on October 24th, 1905, a copy of which statement and letter is hereto attached, as a part hereof, and marked exhibit 'E.'

7. And your trustees are informed, and believe, and thereupon state the fact to be that the said McKinnon-Young Company, and its lessees and assigns, S. H. McKinnon, Ed. Goins, M. T. Marshburn and B. V. Page, and its and their agents and employees, lessees and assigns, are now operating for turpentine purposes, all the timber on said lands, without regard to the terms of said reservations, but contrary thereto, and have 'back-boxed' many thousands of the trees on said estate, to the great damage and irreparable injury of and to the said estate, and will continue so to do unless restrained by the order of the court.

That your petitioners expect to consummate and complete the sale of the said properties as shown in contract of sale thereof, exhibit 'A' hereto, but that they are unable to fully close and terminate the sale as to the timber on which the said McKinnon-Young Company and its lessees and assigns, S. H. McKinnon, Ed. Goins, M. T. Marshburn and B. V. Page, and its and their agents and employees are now operating for turpentine purposes

as alleged and stated above, and are unable to deliver possession of said timber to said purchasers, on account of said respondents so named as above, so operating said timber for turpentine purposes, without authority or right, and it is necessary for petitioners to have the aid of this honorable court in order to make such delivery of said timber to said purchasers and to complete the sale thereof.

8.   Your trustees further report that they have made diligent search and inquiry into the public records pertaining to this estate and into the records and papers of of Wylly-Gabbett Company, defendant, all of which are in the hands of these trustees, by order of the court, and into all other sources of information relative to this estate, known to these trustees, but that they are unable to learn or ascertain any basis of any kind for any right of the said McKinnon-Young Company, in said estate, except as expressed in said reservations, but on the contrary, no such basis anywhere appears.

9.   And your petitioners further show that they have been furnished by certain creditors of the said Wylly-Gabbett Company, and persons interested in its assets with a copy of a report on the said assets and property of the said company, dated March 22nd, 1905, signed C. McCall and Cecil Gabbett, which copy is hereto attached as a part hereof, and marked exhibit 'G,' in which report it is stated as follows:

'We find that approximately there was about $29\frac{1}{4}$ sections of timber land that have been cut and properly cut over by the saw-mills, 11 released by the turpentine operators, ready to be cut, five one year's time and $13\frac{1}{4}$ in two years' time, amounting to about $58\frac{1}{2}$ sections in all, or in the neighborhood of thirty-eight thousand acres.

When the proper season comes, we recommend that all the timber remaining on the property now released by the turpentine operators, be rented for turpentine purposes and some disposition made of the balance of the items as rapidly as it is released by them. We estimate one-half of the entire acreage on the property will yield a revenue by rental from turpentine operations of at least $1.50 per acre, and from the balance 75 cents per acre will be derived. From these sources, a revenue will be derived which will be equivalent in value to forty-five thousand dollars ($45,000.00).

Your petitioners aver that the said report as shown thereby is based upon the reservations of said turpentine rights and privileges by said McKinnon-Young Company as shown by the recorded deed thereof.

Your petitioners further show that they have notified the said McKinnon-Young Company that the said company had no turpentine rights or privileges in the said property, except as shown by the said reservations in said deed, and that their rights in the portions of the property above mentioned had ceased under the terms of the said reservations, and that they must cease so operating the said property for turpentine purposes on the said lands upon which their said turpentine rights had terminated aforesaid, and demanding a settlement by said McKinnon-Young Company with petitioners for the value of the turpentine and other products so taken from portions of the said land without authority by the McKinnon-Young Company since the appointment of petitioners as trustees as aforesaid, but the said McKinnon-Young Company have refused to discontinue to operate for turpentine purposes the portions of said lands on which their rights had terminated

as aforesaid, and have refused to make any accounting or settlement with petitioners for the value of said products taken from the said lands by said McKinnon-Young Company.

That the continuing of said operations by said McKinnon-Young Company, S. H. McKinnon, Ed. Goins, M. T. Marshburn and D. B. Page, its and their agents and employees, without right or authority as aforesaid, interferes with the use and possession of said property by petitioners as trustees and with their disposition of the same as required by the orders of this honorable court, and lessens and depreciates the value of the said properties, now being administered under the decrees and orders of this honorable court, and held in possession of and being administered by petitioners as officers of this honorable court under its orders and decrees, all of which is contrary to equity and tends to the manifest injury of your petitioners.

10. These trustees further allege that they have sought and obtained professional legal advice in the premises, and are thereby advised, and so represent unto your honor, that all such claim of said McKinnon-Young Company, as expressed in said telegram, and in said statement and letter, outside the terms of said reservations, are without any basis in fact or law, and that all operations contrary to said reservations are trespasses upon said estate, and that it is the duty of these trustees and officers of the court to report the foregoing to the court, and ask the court to enjoin all operations upon said lands, by the said McKinnon-Young Company, S. H. McKinnon, Ed. Goins, M. T. Marshburn and D. B. Page, and its and their agents, employees, lessees, or assigns, contrary to the terms of

said reservations, and to enjoin the said McKinnon-Young
Company, S. H. McKinnon, Ed. Goins, M. T. Marshburn
and J. B. Page, its and their agents, employees, lessees
or assigns from claiming any rights to operate said timber
except as they are authorized to operate under the terms
of said reservation, and to ask for a rule directed to said
McKinnon-Young Company, S. H. McKinnon, Ed. Goins,
M. T. Marshburn and D. B. Page, its and their agents and
employees, lessees, or assigns, to show cause why they
should not be punished for contempt, for their trespass
upon the said timber and for setting up any claim to oper-
ate said timber, except as authorized under and by the
terms of said reservations; and to ask the court for an
order requiring the said McKinnon-Young Company, S. H.
McKinnon, Ed. Goins, M. T. Marshburn, D. B. Page, its
and their agents and employees, lessees and assigns to ac-
count for all the products of the timber taken from said
estate, contrary to the terms of said reservations.

And your petitioners further represent that the order of
supersedeas granted on the appeal pending herein, has
been modified as appears by copy of said order, made by
said supreme court court, June 27th, 1906, hereto at-
tached as part hereof.

Wherefore petitioners pray that this honorable court
will make its decree requiring the said McKinnon-
Young Company, S. H. McKinnon, Ed Goins, M. T. Marsh-
burn, D. B. Page, its and their agents and employees to
make answer within a short time to be named in said order,
to this petition, and also a further order and decree
instructing said petitioners as to their rights and duties
as trustees in the control and management of said prop-
erty under the orders of this court in this cause in refer-

enee to the said operations of said property for turpentine purposes by said McKinnon-Young Company, S. H. McKinnon, Ed. Goins, M. T. Marshburn, D. B. Page, its and their agents and employees, as above stated, and will instruct and direct your petitioners in reference to their rights and duties as to the further continuing of said operating of said property by said McKinnon-Young Company, S. H. McKinnon, Ed. Goins, M. T. Marshburn, D. B. Page, its and their agents and employees, and will protect the possession and administration of said properties by petitioners acting under the orders of this court against the further trespassing upon the said property by the said McKinnon-Young Company, S. H. McKinnon, Ed. Goins, M. T. Marshburn, D. B. Page, its and their agents and employees, as herein stated and set forth; and that this honorable court will, in and by its decree, enjoin and restrain the said McKinnon-Young Company, S. H. McKinnon, Ed. Goins, M. T. Marshburn and D. B. Page, its and their agents and employees, its officers, lessees, assigns, or persons claiming under or through it, from further trespassing upon or taking the turpentine, rosin and other products from the said portions of said lands in which their said turpentine rights have terminated as hereinabove stated and set forth, and from using or going upon the said lands for said purposes; and from further cutting or boxing, or otherwise interfering with the trees and timber upon the said land, and from using or claiming any right to operate for turpentine or other purposes the said timber on said lands, except as the said McKinnon-Young Company are authorized to operate same under the terms of the said reservations in the said recorded deed above mentioned; and that this hon-

orable court will issue a rule, directed to the said McKin-non-Young Company, S. H. McKinnon, Ed. Goins, M. T. Marshburn and D. B. Page, its and their agents and em-ployees, officers, assigns or lessees, to show cause why the said company, and S. H. McKinnon, Ed. Goins, M. T. Marshburn and D. B. Page, its and their agents, officers, assigns or lessees, should not be punished for contempt by this court, by reason of their trespassing upon the lands as above stated, and taking the turpentine and other products from the said trees on said lands and boxing and cutting said trees for said purposes after their rights had terminated therein, under the said reservations in said recorded deed above mentioned and since the prop-erties have been in possession of the officers of this honor-able court under its orders and decrees herein and since the property has been administered by said court through its said officers and under its said orders aforesaid; and that the said McKinnon-Young Company, S. H. McKin-non, Ed. Goins, M. T. Marshburn and D. B. Page, its and their agents and employees, may be required to account for the value of said turpentine, rosin and other products taken from said trees on said lands since the date of the appointment of the receivers appointed herein, and since the said properties of the said Wylly-Gabbett Company came into the custody of the court to be administered, and that such accounting be had and taken before a master under the orders and directions of this honorable court in this cause, and that the said McKinnon-Young Com-pany, S. H. McKinnon, Ed. Goins, M. T. Marshburn and D. B. Page, its and their assigns and lessees, be decreed to pay over to petitioners as such trustees the said amount or value of said products so taken from the said lands

as found and decreed upon said accounting, and that if it hereafter appears that the said McKinnon-Young Company has leased or assigned its turpentine rights and claims in such turpentine, rosin and other products to other persons, that they may be made parties respondent to this petition, and the decrees and orders herein prayed for against the said McKinnon-Young Company be made also against the said assigns and lessees, S. H. McKinnon, Ed. Goins, M. T. Marshburn and D. B. Page, and its and their agents and employees, lessees and assigns, who are now operating for turpentine purposes the timber on said land under the said McKinnon-Young Company; and for such other and further relief as this case may require and to this honorable court may seem meet and proper.

And your petitioners further represent that the order of supersedeas granted in the appeal pending herein has been modified, as appears by copy of order, made by the supreme court of Florida, the 27th day of June, A. D. 1906, hereto attached as a part hereof.

Edward W. Lane,

J. N. C. Stockton,

Petitioners.

Cooper & Cooper and A. H. King, Solicitors for Petitioners.

State of Florida,
County of Duval.

Before me personally appeared J. N. C. Stockton and E. W. Lane, who being severally sworn, depose and say that they are the petitioners in the above stated cause; that they have heard read the foregoing petition and know the contents thereof, and that the same is true of their know-

.edge, except as to matters which are therein stated to be on their information and belief, and as to those matters, they believe them to be true.

Edward W. Lane,
John N. C. Stockton.

Sworn to and subscribed before me this 30th day of June, 1906.

(Notarial Seal)                     Francis L. Dancy.
Notary Public.

(EXHIBIT 'A.')

Memorandum of Agreement, made and entered into this the 16th day of May, A. D. 1906, by and between Edward W. Lane and John N. C. Stockton, as trustees, by resolution of the creditors of the Wylly-Gabbett Company, hereinafter called the vendors, of the first part, and F. C. Whiddon, D. U. Dyal and W. B. Mozo, hereinafter called the purchasers, of the second part, witnesseth:

That the said vendors have agreed to sell and the said purchasers have agreed to purchase, under the terms and conditions herein contained, all that certain property lying and being in the county of Levy and state of Florida, consisting of lands and improvements thereon and machinery, a more particular description of the said lands being contained in the list hereto attached, marked schedule 'A,' and also, all houses and buildings and personal property (except railroad iron heretofore sold), and machinery situate in and upon the said premises, and belonging to and constituting part of the Wylly-Gabbett Company plant at or near Rosewood, Florida, except that the said lands are subject to the terms of a certain contract made by and between the said Wylly-Gabbett Company

and the Everglade Cypress Company, dated December 13th, 1904, and are also subject to certain turpentine privileges, reserved by deed of record by McKinnon-Young Company, which privileges will expire December 1st, 1906, and also except the rights and privileges to use certain of the buildings on said lands until the rights of the turpentine privileges reserved has ceased, for the following sums of money, to wit: One thousand dollars paid at the time of the execution and delivery of this instrument, the receipt of which sum is hereby acknowledged by the said vendors, and the further sum of twenty-four thousand dollars to be paid upon the execution and delivery of deeds and bills of sale as herein mentioned; and the further sum of sixty thousand dollars to be divided into four installments of the sum of fifteen thousand dollars each, and payable respectively on or before twelve months, on or before eighteen months, on or before twenty-four months, and on or before thirty months after the date of the delivery of the said deeds and bills of sale, together with interest thereon from said date at the rate of six per cent. per annum, payable annually, upon each of said installments.

And it is understood and agreed that the said conveyance shall convey a good title to the said lands free from all liens and incumbrances and taxes up to and including the taxes for the year A. D. 1905, and the vendors shall assign and transfer all the personal property herein mentioned, and agreed to be sold and assigned, free from all liens and claims and all unpaid installments of purchase price under conditional bills of sale. Said vendors shall convey and assign said property, real and personal, by sufficient deeds and bills of sale but without warranty

except that the vendors as such trustees have not encumbered or charged the said property, real and personal, in any manner, and shall warrant the same against their own acts.

It is further understood and agreed that the said vendors shall deliver to the purchasers within thirty days from the date hereof, abstracts of title showing the title to the said lands, and the purchasers shall forthwith have the same examined by their attorneys, and if the said vendors have the right to sell and convey and transfer the said property free from liens and encumbrances, the purchasers shall forthwith make the payments herein provided for, to wit: twenty-four thousand dollars, and shall make and deliver their four promissory notes for the sum of fifteen thousand dollars each, to represent the four deferred installments of the purchase price, and shall make, execute and deliver a purchase money mortgage to secure the payment of the said deferred installments, which said mortgage shall provide that the purchasers shall pay the said indebtedness and all taxes that may accrue against the said property, and in the event of default in the covenants of the said mortgage, the indebtedness thereby secured shall become due and payable; and the said mortgage shall further provide that if the said purchasers shall sell and dispose of any turpentine privileges on said lands or shall sell and dispose of any of the property so mortgaged, that the purchase price of the property so disposed of shall be paid to the said mortgagees, to be credited on the indebtedness secured by the said mortgage, and shall also provide that the purchasers shall have the right to use so much of the timber upon the said lands as may be necessary for the operation of a saw-mill to cut not ex-

ceeding thirty-five thousand feet per day, and to use and enjoy the turpentine privileges on said lands, and when the sum of thirty thousand dollars shall have been paid on the indebtedness the payment of which is secured by the said mortgage in any manner whatever, the said purchasers shall have the right to erect an additional saw-mill upon the premises. And it is understood and agreed that in the event the said vendors are unable to convey and assign the property herein described, by good and sufficient title, that the said vendors shall repay to the purchasers the sum of money herewith received by them.

And it is further understood and agreed that it is the intention of the said vendors to sell and convey the property of the Wylly-Gabbett Company conveyed to them by the Wylly-Gabbett Company, by deed of conveyance, made under agreement between the said company and its creditors, said agreement having been confirmed by the circuit court of Levy county, Florida, by decree in chancery, and the real estate herein referred to is understood to be the real state thereby conveyed.

Signed and delivered by the parties hereto this the day and year first above written.

Signed—

J. N. C. Stockton,
E. W. Lane
As Trustees.
E. C. Whiddon,
D. U. Dyal,
W. R. Mozo.

(EXHIBIT 'B.')

It is understood and agreed by and between the parties hereto, that the McKinnon-Young Company excepts from

the operation of this deed and reserves to itself, its successors and assigns turpentine privileges in the pine timber upon the lands hereby conveyed, as follows, to wit:

First. All timber which has been boxed three (3) years is now and hereby fully released to the parties of the second part, their heirs and assigns.

Second. All timber which has been boxed two (2) years may be worked for turpentine purposes until December 1st, 1903, when all rights of the McKinnon-Young Company will terminate, and the timber become fully released to the parties of the second part, their heirs and assigns.

Third. All timber which has been boxed one (1) year may be worked for turpentine purposes until December 1st, 1904, when all righths of the McKinnon-Young Company will terminate and the timber become fully released to the parties of the second part, their heirs and assigns.

Fourth. The round timber upon the lands hereby conveyed and situated in township fourteen (14) south, range twelve (12) east; in township fourteen (14) south, range thirteen (13) east; and in the southeast quarter of section thirty-four, township thirteen (13) south, range thirteen (13) east, may be worked for turpentine purposes, but all rights of the McKinnon-Young Company will terminate and the timber become fully released to the parties of the second part, their heirs and assigns as follows: One-half thereof on December 1st, 1905, and the remainder on December 1st, 1906.

Fifth. The round timber upon the lands hereby conveyed and situate sections twenty-four, twenty-five and

48—S C

twenty-six, township thirteen (13) south, range thirteen (13) east, and in sections seventeen, nineteen, twenty, twenty-nine, thirty, thirty-one and thirty-two, township thirteen (13) south, range fourteen (14) east, and in sections five, six, seven, eight, sixteen, seventeen, eighteen and twenty, township fourteen (14) south, range fourteen (14) east, may be worked for turpentine purposes, but all the rights of the McKinnon-Young Company will terminate and the timber become fully released to the parties of the second part, their heirs and assigns on December 1st, 1905.

Sixth. The round timber upon the lands hereby conveyed situate in sections fifteen, twenty-one, twenty-two, twenty-seven, twenty-eight, thirty-four and thirty-three, township thirteen (13) south, range fourteen (14) east, and in sections two, three, four, nine, ten, fourteen, fifteen, twenty-one and twenty-two, township fourteen (14) south, range fourteen (14) east, may be worked for turpentine purposes, but all rights of the McKinnon-Young Company will terminate and the timber become fully released to the parties of the second part, their heirs and assigns as follows: one-half thereof on December 1st, 1905, and the remainder on December 1st, 1906.

Seventh. The round timber upon the lands hereby conveyed and situate in sections twenty-three, twenty-four, twenty-five, twenty-six, thirty-five and thirty-six, township thirteen (13) south, range fourteen (14) east, and in sections seventeen, eighteen, nineteen, twenty, twenty-nine, thirty, thirty-one and thirty-two, township thirteen (13) south, range fifteen (15) east, may be worked for turpentine purposes, but all the rights of the McKinnon-Young

Company will terminate and the timber become fully released to the parties of the second part, their heirs and assigns, as follows:   one-third thereof on December 1st, 1904, one-third on December 1st, 1905, and the remainder on December 1st, 1906.

Eighth.  It is further understood and agreed by and between the parties hereto, that in connection with the exercise of the aforesaid turpentine privileges and as a part thereof, the McKinnon-Young Company, its successors and assigns, shall have the free and unrestricted use of the buildings and other improvements now upon the lands hereby conveyed during the periods within which the said turpentine privileges may be exercised hereunder any buildings or other improvements not in use by the McKinnon-Young Company, its successors or assigns may be used by the parties of the second part, their heirs and assigns.

All machinery, turpentine stills, tools and other implements owned by the McKinnon-Young Company, its successors and assigns, and used by it or them in exercising the rights under said turpentine privileges may be removed from the said lands.'

State of Florida,
 County of Levy.

I, A. P. Hardee, clerk of the circuit court in and for Levy county, Florida, do hereby certify that the above and foregoing is a true and correct copy as appears recorded in deed book 'U,' at pages 679-680 of the public records of Levy county, Florida, constituting a part of that certain deed from McKinnon-Young Company to Wylly and Gabbett, dated January 19th, 1903.

Wtiness my hand and seal official this 7th day of May, A. D. 1906.

(Seal)	(Signed)	A. P. Hardee,

Clerk Circuit Court, Levy County, Florida.

(EXHIBIT 'D.')

Copy of telegram.

Savannah, Ga., May 24-6.

Whiddon, Dyal & Mozo, Jacksonville; Fla.

Please take notice that the Mc-Kinnon-Young Company owns the turpentine privileges and has the right to work for those purposes all the timber upon all the lands, aggregating about forty-one thousand five hundred acres, in Levy county, Florida, described and conveyed by Mc-Kinnon-Young Co. to Wylly and Gabbett, by deed dated January 19th, 1903, and subsequently conveyed to Wylly-Gabbett Co., which deed is recorded in the office of the clerk of the circuit court, Levy county, Florida. The right to use all timber on said lands not required by the mills to December 1st, 1906, having been *acquired* by Mc-Kinnon-Young Company subsequent to said deed of January 19th, 1903.	McKinnon-Young Co.

(EXHIBIT 'E.')

State of Georgia,

County of Chatham.

Know all men by these presents, That the Wylly-Gabbett Company, a corporation under the laws of Georgia, hereby acknowledges that on or about April, 1903, it granted and leased to the McKinnon-Young Company, a corporation, for turpentine purposes, the use of such portion of the timber hereinafter described as was not re-

quired by the mills of the Wylly-Gabbett Company, irrespective of the limitations placed upon the use of such timber by the McKinnon-Young Company in and by the deed of that company to the Wylly-Gabbett Company, dated January 16, 1903, and was granted and leased in consideration of the undertaking by the McKinnon-Young Company to protect such timber against damages and destruction by fire, by raking around it as often as might be necessary. The timber conveyed by this agreement was and is all pine timber standing upon the lands described in and conveyed by deed of McKinnon-Young Company to Wylly-Gabbett Company, dated January 19th, 1903, recorded in Levy county, Florida, aggregating forty-one thousand three hundred and nineteen and five one-hundredths (41,319.05) acres, more or less, to which said deed and the description of said lands is hereby made and the description of said lands is hereby made a part and parcel hereof, as fully and as completely as if incorporated herein. Said agreement was recognized and acted upon by both parties, and was acknowledged in a letter written by the Wylly-Gabbett Company to Young-McKinnon Company (intended for McKinnon-Young Company), dated October 24, 1905, which said letter is hereto attached, and made a part hereof.

In witness whereof, the Wylly-Gabbett Company has caused its corporate name to be hereunto signed by its president, and its corporate seal to be hereto affixed, attested by its secretary, this the 24th day of May, A. D. 1906.                 Wylly-Gabbett Company,

By T. S. Wylly, Jr., President.

Attest:        Sam. B. Miller. Secretary.

Signed sealed and delivered in presence of:

J. E. McMillan,

John J. McDonough, Jr.

Acknowledged in Chatham Co., Ga.

Savannah, Ga., October 24, 1905.

Messrs. Young-McKinnon Company, Savannah, Ga.

Gentlemen: Replying to your verbal inquiry as to date of final expiration of all your turpentine rights to the timber in Levy county, Florida, purchased from you by the Wylly-Gabbett Company, beg to advise you that the date is stated in the deed given by the *Young-McKinnon Company* to the Wylly-Gabbett Company, and my recollection is that date named is December, 1906. I beg to further advise you that it was verbally agreed between the Young McKinnon Company and me, as president of the Wylly-Gabbett Company, that in the event the sawmills did not require the timber as fast as provided for in said deed, you could continue to use such portion of the timber as was not required by the mills up to the final expiration of your turpentine rights, as named in the deed, provided you would keep all the timber so used by you thoroughly raked and protected from fire.

I beg to further advise you, however, that the privilege was in no way to extend beyond the date named in said deed, for the final expiration of your rights to the timber for turpentine purposes. Yours very truly,

Wylly-Gabbett Company,

By T. S. Wylly, Jr., Pres."

Filed and recorded May 26, 1906.

Upon the presentation of said petition on January 30th, 1906, the circuit judge made an order directing that the

same be filed and that a copy thereof be served upon the appellants herein, defendants therein, and requiring them to answer said petition within five days from the date of its service upon them, and that they show cause before him on the 9th day of July, 1906, why an injunction should not issue against them as prayed in said petition, and why they should not be adjudged in contempt, and why they should not deliver possession of the property and why an accounting should not be ordered and decreed against them. On July 7th, 1906, the defendants to such petition filed their several pleas thereto in abatement, alleging in effect that prior to the exhibition and filing of such petition the said cause in which the same was filed had been transferred by appeal to the supreme court of Florida, where the same was then pending, and that the decree appealed from had been superseded, and that said circuit court was consequently without jurisdiction to entertain the said petition filed in said cause. This plea was overruled by the circuit court on July 26th, 1906. On July 9th, August 4th, 7th and 8th, 1906, each of the defendants to said petition separately filed the following demurrer to said petition, to wit:

"This defendant, by protestation, not confessing all or any of the matters and things in the said petition contained to be true in such manner and form as the same are therein set forth and alleged, doth demur to said petition, and for causes of demurrer showeth:

First. It appears by said petition that the matters complained of in and thereby, are such matters as this court cannot take cognizance of, or administer relief as to upon a petition.

Second. Because it appears by said petition that the

matters complained of therein and thereby and as to which relief is sought, in so far as said petition claims the right to have and prays a decree enjoining and restraining this defendant, its officers, lessees, assigns, or persons claiming under or through it, from further trespassing upon or taking the turpentine, rosin or other products from said portions of said lands in which their turpentine rights are alleged to have terminated, and from using or going upon said lands for said purposes and from further cutting, or boxing, or otherwise interfering with the trees and timber upon said land, and from using or claiming any right to operate for turpentine or other purposes for the said timber on said land, except as authorized by the reservations in said deed of January 19th, 1903, and that the said defendant, its agents and employees, account for the value of the turpentine, rosin and other products taken from said trees on said lands, since the date of the appointment of the receivers and since the said properties of the said Wylly-Gabbett Company came into the custody of the court to be administered, and that said McKinnon-Young Company, its assigns and lessees be decreed to pay to the petitioners, as such trustees, the amount or value of said products so taken from said lands, as found and decreed upon said accounting, and that if it hereafter appears that said defendant has leased or assigned its turpentine rights and claims in said turpentine, rosin and other products to other persons, that they may be made parties respondent to this petition, and that the decrees and orders herein prayed for against said McKinnon-Young Company be made also against its assigns and lessees, are not such matters as to which cognizance can be taken, or relief be administered by this honorable court, even if a court of

equity has any cognizance thereof, upon a petition, but such matters and relief can only be taken cognizance of and administered by an original bill or other proper proceeding than a petition.

Third. Because it appears by said petition, that matters are therein stated as a basis for instructions and directions from this honorable court to said petitioners, and this honorable court is prayed to make orders and decrees instructing said petitioners as to their rights and duties as trustees in the control and management of their trust property under the orders of the court, in reference to the operation of said property for turpentine purposes by defendant and others as to said petitioners' rights and duties as to the further continuing of said operation of said property, and protecting and administration of said properties by said petitioners, all of which matters, instructions directions, orders and decrees, this defendant has no concern in, but are matters for the consideration and adjudication of this honorable court, and in which this defendant cannot have any concern until or unless the petitioners shall, pursuant to any such orders, instructions or decrees, attempt to take action against this defendant at law or in equity as may be considered, instructed, directed and ordered or adjudged by this honorable court.

Fourth. It appears by said petition that the same is exhibited against this defendant for two distinct matters and causes which cannot properly be joined in one proceeding, one of the same being for civil relief against defendant in money for alleged trespasses upon property of the petitioners, and the other being for the punishment of the defendant for contempt of the orders of this honor-

able court, which proceeding is not a civil proceeding, but in its nature a criminal proceeding.

Fifth. The matters contained in and covered by said petition, other than matters of contempt, are such that a court of equity has no jurisdiction of, there being a full, adequate and complete remedy at law.

Sixth. The said petition in so far as it seeks proceedings against defendant for contempt of this honorable court, is totally insufficient and fails to state any facts or circumstances which are the proper basis for proceedings against defendant for contempt.

Wherefore, defendant moves this honorable court, and prays said petition may be dismissed, and the order of this honorable court made on the 30th day of June, 1906, directing that defendant, its officers and agents and any of its assigns and lessees of any of the rights or claims of the said defendant, McKinnon-Young Company, to show cause why an injunction should not be issued restraining them and each of them as prayed in said petition, and why they should not be adjudged in contempt as prayed in said petition, and why an accounting should not be ordered and decreed against them, and each of them, as prayed in said petition, be quashed. Geo. P. Raney,

Fred Cubberly,

Attorneys for Defendant."

These demurrers came on for hearing on July 28th, 1906, on which date the circuit judge made separate orders upon each demurrer, overruling the same, but discharging the rule for contempt against each of the defendants. From these orders overruling the said plea and overruling these respective demurrers, the McKinnon-Young Company, S. H. McKinnon and Ed. Goins jointly entered their

appeal to the present term of this court, and M. T. Marsh-burn and B. V. Page jointly entered their appeal to the present term of this court from said orders.

*Fred Cubberly* and *Geo. P. Raney,* for appellants.

*A. H. King* and *Cooper & Cooper,* for appellees.

TAYLOR, J. (*after stating the facts*) :   The errors as-signed question the propriety of the rulings of the circuit court overruling the plea filed by the defendants, and overruling the several demurrers to the petition filed by the defendants.   The contention of the plea filed by the defendants is to the effect that the cause in which the petition was filed having been carried by appeal to the appellate court prior to the filing of such petition, that the said cause was therefore transferred to, and pending in, such appellate court, and that the circuit court had no jurisdiction to entertain any matter in anywise involved in or connected with said cause while so pending in the appellate court.   There is no merit in this contention. While the main cause with its material issues and the rulings thereon of the court of first instance was trans ferred to, and was pending for rewiew in, the appellate court, yet the properties involved in such cause were not so transferred, but remained in the custody and care of the circuit court and its officers and agents, and notwith-standing such appeal the circuit court retained full power to protect and safely preserve said properties from de-struction, depredation or waste pending such appeal by all necessary orders and proceedings looking to that end, to the same extent as though no appeal had been taken.

Jennings v. Carson, 4 Cranch (U. S.) 2; Grant v. Phoenix Life Ins. Co., 121 U. S. 118, 7 Sup. Ct. Rep. 849. In the Slaughter-house Cases, 10 Wall (U. S.) 273, the principle is expressed as follows: "Judgments and decrees of the circuit court are brought here for a re-examination, and so are judgments and decrees of a state court, and the only effect of the supersedeas is to prevent all further proceedings in the subordinate court except such as are necessary to preserve the rights of the parties."

In Goddard v. Ordway, 94 U. S. 672, it is said: "While the court below may make the necessary orders to preserve the fund, and direct its receiver to that extent, it cannot place the money beyond the control of any decree that may be made here, for that would be to defeat our jurisdiction." Spring v. The South Carolina Insurance Co., 6 Wheat. 519. The real effect of an appeal with supersedeas is to suspend the power of the court below to make any order tending towards an *execution or enforcement* of the decree appealed from, but it does not interfere with the power of such court to make any order necessary for the preservation of the funds or property involved in the litigation pending such an appeal, when such orders do not tend towards an execution or enforcement of the order or decree appealed from, or to place the property or funds involved beyond the reach or control of the judgment or decree of the appellate court. Neither was there error in overruling the demurrers of the defendants to the petition filed by the said trustee receivers. The petitioners, though made trustees for the more advantageous sale and disposition of all the properties involved by consent and agreement of all parties concerned, were neverthelesss to all intents and purposes receivers of the court of such prop-

erties, and subject at all times to the control and direction of the court in all of their actions and doings with reference to the funds and properties entrusted to their care, and were at all times under the protection of the court in all matters connected therewith.  The petition alleges expressly that such receivers were in possession of the property alleged to be interfered with by the defendants in such petition.  It sets out fully what it alleges to be the only claims of such defendants to the right to do the acts complained of.  It alleges fully that a large part of the lands in their possession as such receivers were originally conveyed to the Wylly-Gabbett Company by the defendant, the McKinnon-Young Company, and that in the deed of conveyance the latter company reserved the right to take the turpentine from the pine timber on said lands up to and until certain fixed and specified dates named in said deed, at which dates the said reserved rights were to cease and determine, but that notwithstanding said reserved rights had expired and determined in and to a large proportion of the lands in which they had been reserved originally, that yet the defendants were asserting the right to go back upon the lands in which such reserved rights had expired and back-box or re-box the trees and to take the turpentine therefrom, and were thereby interfering with and preventing an advantageous sale of said lands by said receivers that had been negotiated by them with parties to whom the defendant, the McKinnon-Young Company, had telegraphed setting up their pretended claims. That said pretended claim of the defendants to continue to take the turpentine from said lands notwithstanding the expiration and determination of the rights reserved therein by the said deed by the terms of the

deed itself, rests solely on a pretended verbal agreement pretended to have been made with the president of said Wylly-Gabbett Company and upon a letter written by said president to the McKinnon-Young Company on October 24th, 1905, long after said property had been taken charge of by the court through its receiver appointed first on May 5th, 1905, and upon a written contract executed by the Wylly-Gabbett Company to the McKinnon-Young Company on the 24th day of May, 1906, long after all of said properties had been taken out of the possession and control of said Wylly-Gabbett Company, by the orders of the court, and put into the hands of the court receivers. The demurrers admit these allegations of fact to be true, and if true then the court ruled correctly in overruling the demurrers and putting the defendants to their answer. If the McKinnon-Young Company had in fact a valid and enforceable verbal contract with the Wylly-Gabbett Company by which their reserved rights to turpentine these lands were extended beyond the times and dates fixed in the original deed for their expiration and determination, such company should, after said properties had been taken charge of by the court through its receivers, have gone to said court for leave to consummate such verbal agreement or to have same put in tangible binding form (Noe v. Gibson, 7 Paige Chy. 513) ; but instead thereof, regardless of the authority of the courts in the premises, they unwarrantably go to the president of such Wylly-Gabbett Company, after said lands had been taken out of its hands by the court and put into the hands of the court's receivers, and procure from him such a written evidence of such extension of such expired reserved rights. This action upon their part was wholly unwarranted, and was an unwarranted inter-

ference with said property in the hands of such receivers, and subjected said McKinnon-Young Company and their agents and subsequent lessees and tenants to the summary remedy sought by the said petition. If the said McKinnon-Young Company had in fact a verbal agreement with the Wylly-Gabbett Company extending their right to take turpentine from said lands, such verbal agreement amounted to nothing more than a license, which license was terminated and expired at the time the court took charge of the properties of said Wylly-Gabbett Company for the payment of their debts, at the suit of their creditors; and the Wylly-Gabbett Company, after their property had been taken from their custody and control by the court and put into the custody of its receivers at the suit of its creditors, could not execute any valid conveyance or transfer thereof or of any right or interest therein. Clark v. Guest, 54 Ohio St., 298, 43 N. E. Rep. 862; Thornton v. Washington Savings Bank, 76 Va. 432; Williams v. Flood, 63 Mich. 487, 30 N. W. Rep. 93; Jenkins v. Lykes, 19 Fla. 148.

It follows from what has been said that the orders and decrees of the court below appealed from in said cause should be, and are, hereby affirmed at the cost of the appellants.

HOCKER and PARKHILL, JJ., concur;

SHACKLEFORD, C. J., and WHITFIELD, J., concur in the opnion.

COCKRELL, J., disqualified.