# IN RE SUCESORES DE JOSÉ HERNAIZ & CO., BANKRUPTS.

---

San Juan, Bankruptcy, No. 22.

ON MOTION OF JULIAN MUNSURI FOR LEAVE TO GIVE BOND.

Bankruptcy—Appeal.
1. Where there has been an appeal and supersedeas to the su-

In Re Hernaiz & Co.

preme court, the district court is deprived of jurisdiction except for the purposes of orders necessary to preserve the fund.

Same—Bond for Possession of Fund.

2. The court below therefore cannot allow a defendant to give a bond and take possession of the fund pending appeal.

Opinion filed June 14, 1913.

---

*Mr. Francisco Soto Gras* for petitioner.

*Mr. N. B. K. Pettingill* for creditors.

HAMILTON, Judge, delivered the following opinion:

This is a bankruptcy suit which has been upon the files of this court for several years. The motion alleges that by a decree of this court, October 25, 1907 [3 Porto Rico Fed. Rep. 202], petitioner was declared to be a general partner of the firm of Sucesores de José Hernaiz & Company, and the petitioner took certain proceedings before the referee, which were reviewed by this court on February 9, 1909. That the creditors appealed from the order of February 9, 1909, to the Supreme Court of the United States, which, on December 4, 1911 [222 U. S. 114, 56 L. ed. 118, 32 Sup. Ct. Rep. 67], dismissed the appeal. That thereupon the creditors moved for a review of the former orders, and, on August 6, 1912, this was granted, and the petitioner Munsuri declared to be a general partner of the bankrupt firm, that his purchase of the claims of creditors is invalid, and that he must pay the claims of the creditors in full out of his individual property. That petitioner, although never

In Re Hernaiz & Co.

adjudged a bankrupt, has been deprived of the use of his individual property, which has been administered for the benefit of the creditors. That on January 2, 1913, the petitioner took an appeal from the final decree to the Supreme Court of the United States, where the proceeding is now pending.

The petitioner alleges that his property in the hands of the trustee is worth much more than the claims of the creditors, and he prays for an order releasing the property from this administration, upon condition that he file a bond or other security sufficient in amount, to be approved by the court, to insure the ultimate payment of the claims in dispute; and petitioner consents to the making of an order whereby proper entries may be made in the registry of property so as to prevent alienation or encumbrance by the petitioner.

It appears to the court that the cause in its entirety was removed to the Supreme Court by the appeal of the present petitioner himself, and that the perfection of the appeal with supersedeas deprived this court of jurisdiction of the question now presented. Part of the ground for appeal was the refusal of this court to do at first what is now requested. The *corpus* of the property still remains in the possession of this court for the purpose of administration, but the court can make no order changing the control of the property.

It has been held by the Supreme Court that "while the court below may make the necessary orders to preserve the fund, and direct its receiver to that extent, it cannot place the money beyond the control of any decree that may be made here [that is, in the Supreme Court], for that would be to defeat our jurisdiction." Goddard v. Ordway, 94 U. S. 672, 24 L. ed. 237.

That, it is true, was a proceeding in equity, but it was the

administration of a trust, just as the possession of the trustee in bankruptcy is for the administration of a trust. The proceedings in bankruptcy are, to a large extent, modelled upon those in equity. Even when upon an appeal an order was made, designed to increase the funds in the hands of a receiver, the Supreme Court denied the right of the lower court to act. The right of the lower court is confined to the preservation of the property in litigation. Grant v. Phœnix Mut. Ins. Co. 121 U. S. 118, 30 L. ed. 909, 7 Sup. Ct. Rep. 849.

2. We may apply in bankruptcy the rule, which obtains in equity, that the property is a fund in court to abide the event of the litigation. Wiswall v. Sampson, 14 How. 52, 14 L. ed. 322. Moreover, as the proceedings in bankruptcy follow certain statutory rules as to nomination of trustee, the only way the petition could be granted would be by substituting the petitioner for the trustee. This would violate the general rule as to the nomination of trustee by the creditors, and not by the court, and produce the result that there would be two different kinds of trustees in one case. This would be improper, and would certainly change the parties upon whom the decree of the Supreme Court should act.

It appears, therefore, to the court, that it would be transcending its power, pending an appeal to the Supreme Court, for the district court now to change the possession of the property. On the showing of the petition, there is a great hardship upon the petitioner; but this is denied by the creditors, and cannot be tried in a collateral proceeding at present.

The petition is accordingly denied.