## In re EMPIRE FINANCE CORPORATION.
### No. 20707.

District Court, N. D. California, S. D.
June 8, 1932.

Oliver Dibble and E. J. Torregano, both of San Francisco, Cal., for Mortgage Guarantee Co. and H. J. Edwards.

Courtney L. Moore and Sterling Carr, both of San Francisco, Cal., for M. F. O'Dea and West American Finance Co.

Kimball Dyer, of San Francisco, Cal., for bankrupt.

KERRIGAN, District Judge.

The matter of voting the stock owned by the bankrupt corporation, the Empire Finance Corporation, in the West American Finance Company, is again before me. I previously denied a petition to instruct the temporary receiver appointed by me to vote the stock in a certain manner. Apparently this proceeding now before me was brought because counsel did not understand the reason for my former ruling. I was at that time of the opinion, and after a subsequent review of the authorities the earlier view is only strengthened, that Harry J. Edwards is the duly elected and qualified trustee in bankruptcy of the bankrupt corporation and that I have no authority either to instruct a receiver previously appointed by me or to appoint a receiver to take possession of the property of the bankrupt estate. The trustee in bankruptcy was regularly elected and qualified before the issuance of the writ of supersedeas, and he had already taken title to the assets of the bankrupt estate and was entitled to the possession and custody thereof. Section 70 of Bankruptcy Act (11 USCA § 110). The issuance of the writ of supersedeas had no effect upon proceedings prior to its issue. Its effect was to stay the trustee from administering the bankrupt estate pending the determination of the appeal and to maintain the status quo. Its effect is not retroactive to divest the trustee of his title and duty to preserve the assets of the bankrupt estate. These conclusions flow from the nature of the writ of supersedeas. See 4 Foster, Federal Practice, 3820; 6 Cyclopedia of Federal Procedure, 359; Board of Commissioners of Boise County v. Gorman, 86 U. S. (19 Wall.) 681, 22 L. Ed. 226. Furthermore the issuance of the writ does not affect the jurisdiction of the lower court over the res and its officers may take necessary action to preserve it pending the appeal. Jennings v. Carson, 4 Cranch, 2, 2 L. Ed. 531; Grant v. Phoenix Mutual Life Insurance Co., 121 U. S. 118, 7 S. Ct. 849, 30 L. Ed. 909. I believe that the voting of the stock in question is an act in preservation of the assets of the bankrupt estate and that it is the duty of the trustee to do this. I may say that had the writ of supersedeas been obtained prior to the election and qualification of the trustee, I believe that there would be jurisdiction to appoint a receiver or to authorize the previously appointed receiver to vote the stock.

With reference to the argument of counsel that I have the power to act in this matter under the broad equity powers exercised by the bankruptcy court, I believe that the matter is concluded by the fact that the appointment of a bankruptcy receiver is under the authority of statute. Bankruptcy Act § 2 (11 USCA § 11). The receiver is not a general receiver, but is a statutory receiver and the authority to appoint is limited by the act. Boonville National Bank v. Blakey (C. C. A.) 107 F. 891. Under the statute the appointment is until the proceeding is dismissed or the trustee is qualified.

As to the prayer for an injunction against the First Mortgage Bond Company, it is apparent from the pleadings that it has a bare legal title to the stock in question and that the trustee in bankruptcy has a proxy from the company authorizing him to vote

the stock. There is no showing that it will interfere with the trustee voting the stock and I do not believe that sufficient facts have been alleged to warrant the granting of injunctive relief.

My views as to want of jurisdiction make it unnecessary for me to rule at this time on the question of whether the West American Finance Company is entitled to intervene in this cause. The adoption of the petition of the West American Finance Company by both the bankrupt and by O'Dea, the intervening stockholder, brings it before the court if West American has no standing in court.

The motions of Mortgage Guarantee Company and H. J. Edwards, the trustee, to dismiss the petition of West American Finance Company are granted, and the order to show cause is discharged.