## BOARD OF TRADE OF THE CITY OF CHICAGO ET AL. v. JOHNsON, TRUSTEE IN BANK-RUPTCY OF HENDERSON.

### CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SEVENTH CIRCUIT.

No. 90. Argued November 26, 1923.—Decided February 18, 1924.

1. Decisions of state courts defining property rights do not bind the federal courts in bankruptcy, when contrary to the policy and proper construction of the Bankruptcy Act. P. 10.
2. A membership in the Chicago Board of Trade, which, under the rules of the association, the owner may sell to any person eligible to membership approved by the board of directors, subject to the right of his co-members to prevent the sale or transfer until he satisfies his debts to them, is incorporeal property, the possession and control of which, for the purpose of disposition in accordance with the rules, pass to the member's trustee in bankruptcy, under § 70a (5) of the Bankruptcy Act. Pp. 8, 12.
3. The right of the trustee in bankruptcy to have the membership sold, as against the Board and members claiming the right to prevent transfer until debts owed them by the bankrupt are paid —may be determined by the District Court in a summary proceeding. P. 11.
4. Where the rules provided that a membership in an exchange might be transferred with the approval of the directors, if there were no unsettled claims upon the owner, and if the membership was not in any way impaired or forfeited, and directed that, prior

97851°—24——1

1

to transfer, the application therefor should be posted 10 days, when, in the absence of objection, " it shall be assumed the member has no outstanding claims against him," *held* that failure of creditor members to object to a proposed transfer, during the 10 days, or withdrawal of objections made, did not estop them from objecting soon after the owner of the membership went into bankruptcy, the directors not having approved the transfer meanwhile. P. 14.

5. Members of an exchange having claims under contract made with a co-member acting as agent of a corporation, *held* entitled under the rules of the exchange, to object to a transfer of the membership by the owner's trustee in bankruptcy until their claims against the corporation were satisfied. P. 15.

6. The right of a member of an exchange under its rules to prevent by objection a transfer of the seat of another member, until satisfaction of a debt owed the one by the other, *held* in the nature of a lien upon the membership at its creation assertable after the membership passed to the debtor's trustee in bankruptcy. P. 15.

283 Fed. 374, reversed.

CERTIORARI to a decree of the Circuit Court of Appeals, which affirmed, upon petition to review, a decree of the District Court in bankruptcy, adjudging that a seat of a member in the Chicago Board of Trade was property passing to his trustee in bankruptcy free of all claims of other members, and ordering that it be held for transfer and sale for the benefit of the general creditors.

*Mr. Henry S. Robbins* for petitioners.

Jurisdiction in the District Court could not be sustained within the exception in § 23b of the Bankruptcy Act, which permits suits by the trustee in the courts where the bankrupt might have brought them. The ground of diverse citizenship was not available.

The Board and its co-petitioners were adverse claimants. As to them, it was a "controversy in bankruptcy." The membership was not in possession of the trustee. There was no jurisdiction to adjudicate summarily. *Smith* v. *Mason,* 14 Wall. 419; *Marshall* v. *Knox,* 16

Wall. 551; *First National Bank* v. *Title & Trust Co.,* 198 U. S. 280; *Bardes* v. *Hawarden Bank,* 178 U. S. 524; *Mueller* v. *Nugent,* 184 U. S. 1; *Babbitt* v. *Dutcher,* 216 U. S. 102; *Bryan* v. *Bernheimer,* 181 U. S. 188; *Galbraith* v. *Vallely,* 256 U. S. 46; *Louisville Trust Co.* v. *Comingor,* 184 U. S. 18; *Martin* v. *Oliver,* 260 Fed. 89; *In re Bacon,* 210 Fed. 129; *In re Cotton,* 209 Fed. 124; *In re McCrum,* 214 Fed. 207; *In re Rathman,* 183 Fed. 913; *O'Dell* v. *Boyden,* 150 Fed. 731.

The court below erred, on the merits: (1) In holding that the right of the Board of Trade under its rules to suspend a member, and to refuse to transfer his membership, until his debts to other members were paid, ceased upon the appointment of a trustee in bankruptcy, even as respects debts which had accrued before the bankruptcy proceedings; (2) in holding that this membership was an asset in bankruptcy. *Sparhawk* v. *Yerkes,* 142 U. S. 1; *Hyde* v. *Woods,* 94 U. S. 525; *Page* v. *Edmunds,* 187 U. S. 601; *Barclay* v. *Smith,* 107 Ill. 349; *In re Gregory,* 174 Fed. 629; *People* v. *Board of Trade,* 80 Ill. 134.

*Mr. Robert N. Erskine,* with whom *Mr. F. William Kraft* was on the brief, for respondent.

The property was in the possession and control of the bankruptcy court and its trustee.

The jurisdiction of a District Court to deal with it by summary proceedings is plain, including the right to settle all adverse claims. *Whitney* v. *Wenman,* 198 U. S. 539; *In re Hoey,* 290 Fed. 116; *In re Gottlieb & Co.,* 245 Fed. 139; *Orinoco Iron Co.* v. *Metzel,* 230 Fed. 40; *In re Wegman Piano Co.,* 228 Fed. 60; *O'Dell* v. *Boyden,* 150 Fed. 731; I Collier, Bankruptcy, 12th ed., pp. 541–544.

The contention that under the Board of Trade rules no person can be a member unless accepted by the Board, and therefore neither title nor possession of the bank-

rupt membership can pass to the trustee, has been expressly overruled in *Board of Trade* v. *Weston,* 243 Fed. 332, under the authority of *Hyde* v. *Woods,* 94 U. S. 523, and *Page* v. *Edmunds,* 187 U. S. 596.

A membership in a Board of Trade passes to the custody and possession of the trustee. *O'Dell* v. *Boyden,* 150 Fed. 731; *In re Hoey,* 290 Fed. 116.

The petitioners were not such adverse claimants at the time of the institution of the bankruptcy proceedings as would entitle them to interpose objection to the jurisdiction of the District Court. *Mueller* v. *Nugent,* 184 U. S. 1; *Schweer* v. *Brown,* 195 U. S. 171; *In re Bacon,* 210 Fed. 129; *In re Ransford,* 194 Fed. 658; *In re Davis,* 119 Fed. 950.

Section 70e of the Bankruptcy Act expressly confers jurisdiction on the bankruptcy court, and that section is one of the exceptions named in § 23b. *Weidhorn* v. *Levy,* 253 U. S. 273.

The trustee takes the membership as property subject to the rules of the Board, but also with the advantage of all the privileges and rights which the bankrupt had pursuant to the rules. He took it free and clear of any claims.

Title was transferred by operation of law and is an asset in this bankruptcy estate, regardless of the conditions which affect its value. *Page* v. *Edmunds,* 187 U. S. 596; *Hyde* v. *Woods,* 94 U. S. 523; *In re Hoey,* 290 Fed. 116; *In re Stringer,* 253 Fed. 352; *O'Dell* v. *Boyden,* 150 Fed. 731; *In re Hurlbutt, Hatch & Co.,* 135 Fed. 504; *In re Gaylord,* 111 Fed. 717; *Rogers* v. *Hennepin County,* 240 U. S. 184; *Citizens Natl. Bank* v. *Durr,* 257 U. S. 99.

The cases of *Barclay* v. *Smith,* 107 Ill. 349, and *People* v. *Board of Trade,* 80 Ill. 134, do not hold that such a membership is not property, but that it is not property subject to judicial process under the statutes of Illinois. Cf. *Weaver* v. *Fisher,* 110 Ill. 146.

The question, in any event, is not one of statutory interpretation but a definition of property; and the federal courts are not bound by the Illinois decisions. *Page v. Edmunds,* 187 U. S. 601; *In re Page,* 107 Fed. 89; *In re Gaylord,* 111 Fed. 717; *Sessions v. Romadka,* 145 U. S. 29; *Board of Trade v. Weston,* 243 Fed. 332; *Frazin v. Oppenheim,* 174 Fed. 713. Cf. *Gazlay v. Williams,* 210 U. S. 41; *In re Adams,* 134 Fed. 142; *Central Trust Co. v. Chicago Auditorium Assn.,* 240 U. S. 581.

If the trustee complies with the conditions imposed by the rules, there is no limitation, and no power on the part of the Board, to prevent his making a sale and transfer.

Objections to the bankrupt's application to transfer were all disposed of and withdrawn before the petition in bankruptcy was filed.

The rights of the trustee date from the filing of the petition in bankruptcy. *Mueller v. Nugent,* 184 U. S. 1; *Acme Harvester Co. v. Beekman Lumber Co.,* 222 U. S. 300; *In re Weinger, Bergman & Co.,* 126 Fed. 875; *Page v. Edmunds,* 187 U. S. 596; *In re Hurlbutt, Hatch & Co.,* 135 Fed. 504; *Bailey v. Baker Ice Machine Co.,* 229 U. S. 268. Creditors can not now complain.

Under § 47 a–2 of the Bankruptcy Act, as amended in 1910, the trustee had the rights of a creditor holding a lien. *In re Seward Dredging Co.,* 242 Fed. 225.

These creditors of the corporation, even granting they had the right to file protests, were under obligation to file them in due course. They knew that if protests were not filed within ten days the member could sell, but they did not file for nearly nine months nor until after the petition in bankruptcy was filed.

There must be express provisions in the rules to justify an impairment of a membership depriving it of all value. *In re Gaylord,* 111 Fed. 717.

There is no basis in the rules for making claims against a corporation personal obligations of its officer holding a membership.

MR. CHIEF JUSTICE TAFT delivered the opinion of the Court.

We have brought this cause before us by certiorari to review the action of the Circuit Court of Appeals of the Seventh Circuit in affirming, upon petition to review, a decree of the District Court for the Northern District of Illinois, in a summary proceeding dealing with the membership of a bankrupt in the Chicago Board of Trade. The District Court, finding that the membership was property and under the rules of the Board passed to the trustee in bankruptcy free of all claims of the members, ordered that it be held for transfer and sale for the benefit of the general creditors.

The case presents two questions. First—Had the District Court jurisdiction to deal with the case by summary proceedings?

Second—If the District Court had such jurisdiction, was its decree right upon the merits?

The petition and amendment of the trustee asked that the Board of Trade and certain members be required to show cause why the trustee's right to the membership of the bankrupt should not be recognized by the Board of Trade, so as to permit its transfer and sale. Pleas to the jurisdiction, with special appearances, were filed by the respondents, alleging that the membership was not property, or capable of being treated as an asset of the bankrupt, that transfer of it had been duly objected to by respondents as members, and that they had adverse claims creating a controversy which the District Court, under paragraphs a and b of § 23, of the bankrupt law, was denied jurisdiction to hear. The pleas were overruled. Reserving the question of jurisdiction, the Board of Trade filed an answer, which the other respondents adopted. The cause was heard upon the petition, its amendment, and the answer, which disclosed the following:

Wilson F. Henderson, the bankrupt, a citizen of Chicago, was admitted to membership in the Board of Trade in 1899, and for many months prior to March 1, 1919, was president and one of the principal stockholders in a corporation known as Lipsey and Company, and actively engaged in making contracts on its behalf for present and future delivery of grain on the Board of Trade. In March, 1919, Lipsey and Company became insolvent and ceased to transact business, being then indebted to thirty or more members of the Exchange on its contracts in an aggregate amount of more than $60,000. A corporation is not admitted to membership of the Board, but under the rules it may do business on the Exchange if two of its executive officers, substantial stockholders, are members in good standing and give its name as principal in their contracts. The rules further provide that, if the corporation is accepted as a party to a contract and fails to comply with any of its obligations under the rules, its officers, as members, are subject to the same discipline as if they had failed to comply with an obligation of their own.

Any male person of good character and credit and of legal age, after his name has been duly posted for ten days, may be admitted to membership in the Board of Trade by ten votes of the Board of Directors, provided that three votes are not cast against him and that he pays an initiation fee of $25,000, or presents " an unimpaired or unforfeited membership, duly transferred," and signs " an agreement to abide by the Rules, Regulations and By-Laws of the Association." The rules further provide that a member, if he has paid all assessments and has no outstanding claims held against him by members, and the membership is not in any way impaired or forfeited, may, upon payment of a fee of $250, transfer his membership to any person eligible to membership approved by the Board, after ten days posting, both of the proposed transfer and of the name of substitute.

No rule exists giving to the Board of Trade or its members the right to compel sale or other disposition of memberships to pay debts. The only right of one member against another, in securing payment of an obligation, is to prevent the transfer of the membership of the debtor member by filing objection to such transfer with the Directors.

The membership of Henderson was worth $10,500 on January 24, 1920, when the petition in bankruptcy was filed against him. All assessments then due had been paid and the membership was not in any way impaired and forfeited. On May 1, 1919, Henderson had posted on the bulletin of the Exchange a notice and application for a transfer of his membership. Within ten days, two objections were filed, one of them on account of a debt due from Lipsey and Company. The objections were withdrawn, however, in December, 1919. On January 29, 1920, however, five days after the petition in bankruptcy was filed, members, creditors of Lipsey and Company on its defaulted contracts signed by Henderson, lodged with the Directors objections to the transfer. These objectors were respondents in the District Court and are petitioners here.

Under par. a, § 70 of the bankrupt law of July 1, 1898, c. 541, 30 Stat. 565, the trustee takes the title of the bankrupt (3) to " powers which he might have exercised for his own benefit," and (5) to " property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him." Petitioners insist that the membership is not property within (5). The Supreme Court of Illinois, from which State this Board of Trade derives its charter, has held, in *Barclay* v. *Smith,* 107 Ill., 349, that the membership is not property or subject to judicial sale, basing its conclusion on the ground that it can not be acquired except upon a vote of ten Di-

rectors, and can not be transferred to another unless the transfer is approved by the same vote, and that it can not be subjected to the payment of debts of the holder by legal proceedings. It is not possible to reconcile *Barclay* v. *Smith* with the decisions of this Court. In *Hyde* v. *Woods*, 94 U. S. 523, the bankrupt was a member of the San Francisco Stock and Exchange Board, a voluntary association with an elective membership, and with a right in each member to sell his seat subject to an election, by the Directors, of the vendee as a member. This Court held the membership to be an incorporeal right and property which would pass to the trustee of the bankrupt, subject to the rules of the Board, which required first the payment of all debts due to the members. In *Sparhawk* v. *Yerkes*, 142 U. S. 1, the conclusion in *Hyde* v. *Woods* was reaffirmed in respect of seats in the Stock Exchanges of New York and Philadelphia, which were then voluntary unincorporated associations, with the same provision as to membership and preference for the debts of member creditors. In *Page* v. *Edmunds*, 187 U. S. 596, the question was whether a seat of a bankrupt in the Philadelphia Stock Exchange was property passing to the trustee under subdivision 5 of § 70 of the Bankrupt Act. In that association, no member could sell his seat if he had unsettled claims on the Exchange. In case of insolvency, the seat could be sold, and the proceeds distributed to the member creditors. The Supreme Court of Pennsylvania had held, just as in this case the Supreme Court of Illinois has held, that such membership was not property, and could not be seized in execution for debts of its holder. *Thompson* v. *Adams*, 93 Pa. St. 55; *Pancoast* v. *Gowen*, 93 Pa. St. 66. These were the cases relied on by the Supreme Court of Illinois to sustain its view. Referring to the Pennsylvania decisions in *Page* v. *Edmunds* (p. 603), this Court said:

" It is not certain whether the learned court intended to say that the seat was not property at all, or not property

because it could not be seized in execution for debts. If the former, we cannot concur. The facts of this case demonstrate the contrary. If the latter, it does not affect the pending controversy. The power of the appellant to transfer it was sufficient to vest it in his trustee."

The Court thus held that the question was to be determined by reference to the language of the Bankrupt Act and that the seat was property " which prior to the filing of the petition he [the bankrupt] could by any means have transferred." It declined to limit the definition of property under subdivision (5) to such as the state courts might hold could be seized in execution by judicial process. Subdivision (3), vesting in the trustee title to powers which the bankrupt might exercise for his own benefit, manifests a purpose to make the assets of the estate broadly inclusive. By a construction not unduly strained, subdivision (3) might be held to include a power to transfer a seat on the Exchange, subject to its rules, if it were necessary.

In *Citizens National Bank* v. *Durr*, 257 U. S. 99, we held, following the *Hyde, Sparhawk* and *Page Cases, supra,* that membership in the New York Stock Exchange was personal property, whose situs followed that of the owner, and was taxable where he was domiciled.

Congress derives its power to enact a bankrupt law from the Federal Constitution, and the construction of it is a federal question. Of course, where the bankrupt law deals with property rights which are regulated by the state law, the federal courts in bankruptcy will follow the state courts; but when the language of Congress indicates a policy requiring a broader construction of the statute than the state decisions would give it, federal courts can not be concluded by them. *Board of Trade* v. *Weston,* 243 Fed. 332.

Counsel for petitioners urges that the *Hyde, Sparhawk* and *Page Cases* differ from the one before us, in that the

rules of the associations there under consideration provided specifically for·a sale of the seat and a preferred distribution of the proceeds to the creditor members, whereas here there is no sale provided for at all, at the instance of the Board or its members who are creditors. Their only protection is in the power to prevent a transfer as long as the member's obligations to them are unperformed.  We do not think this makes a real difference in the character of the property which the member has in his seat.  He can transfer it or sell it subject to a right of his creditors to prevent his transfer or sale till he settles with them, a right in some respects similar to the typical lien of the common law, defined as " a right in one man to retain that which is in his possession belonging to another, till certain demands of him the person in possession are satisfied." *Hammonds* v. *Barclay,* 2 East, 235. *Peck* v. *Jenness,* 7 How. 612, 620.  The right of the objecting creditor members differs, however, from the common law lien, in that the latter, to exist and be effective, must deprive the owner of possession and enjoyment, whereas the former is consistent with possession and personal enjoyment by the owner, and only interferes with, and prevents, alienation.

We are brought then to the contention that petitioners are adverse claimants, and are entitled to be heard in a plenary suit.  This turns on the question who was in possession of the seat.  If the bankrupt was in possession when the petition in bankruptcy was filed, then the authorities leave no doubt that the possession passes to the trustee and that his possession justifies the District Court in determining the validity of the liens claimed in a summary proceeding by a rule to show cause against the claimants.  *Hebert* v. *Crawford,* 228 U. S. 204; *Babbitt* v. *Dutcher,* 216 U. S. 102; *Murphy* v. *Hofman Co.,* 211 U. S. 562; *Lazarus* v. *Prentice,* 234 U. S. 263, 266; *Clay* v. *Waters,* 178 Fed. 385, 392.

The petitioners argue that a seat in the Exchange, even if it be property, is incapable of manual possession, that it is really only a chose in action, and that the bankrupt or his trustee is no more in actual possession of it for the purposes of summary jurisdiction than the trustee would be in manual possession of a debt, to enforce the payment of which the trustee must certainly bring a plenary action against the resisting debtor. Membership on the Board of Trade is different· from a mere chose in action, like a simple claim or debt asserted against another and only to be enjoyed after its satisfaction or enforcement. It is a continuously enjoyed "incorporeal right". *Hyde* v. *Woods, supra.* The Board of Trade is the member's trustee while it maintains and holds all its facilities for his use and enjoyment. As long as he has these, he may properly be said to be in possession of them. That creditor members may assert a mere restraint of alienation to enforce their claims does not oust the member's possession or personal enjoyment. By operation of the bankrupt law, the membership passes, subject to rules of the Exchange, to the trustee, for his disposition of it. The trustee does not become a member, but he does come into control of the bankrupt's right to dispose of the membership; and, with the aid of the bankruptcy court, can require the bankrupt to do everything on his part necessary under the rules of the Board to exercise this right. The membership is property, in a way attached to the person of the bankrupt and disposable only by his will. It follows him, therefore, into the bankruptcy court, which is given full equitable jurisdiction over his conduct in respect of his estate, and, therefore, it comes into the custody of that court to be administered by it as part of his estate.

The Board is not in an adverse attitude toward the bankrupt. It holds the membership for the bankrupt in conformity to the rules as to his enjoyment and disposi-

tion of it. We think that the principle of *Bryan* v. *Bernheimer,* 181 U. S. 188; *Mueller* v. *Nugent,* 184 U. S. 1; and *Whitney* v. *Wenman,* 198 U. S. 539, applies here, and that, within those cases, the seat is held by the Board for the bankrupt, and that in bankruptcy the right to dispose of it under the rules passes into the control, and therefore into the possession, of the trustee.

A similar question was before the Circuit Court of Appeals for the Sixth Circuit in *O'Dell* v. *Boyden,* 150 Fed. 731. The membership was in the New York Stock Exchange, personal to the holder, and only to be transferred, under the rules of the Exchange, and by consent of its committee on admissions, to a new member satisfactory to them. It was held that, in bankruptcy, the membership passed into possession of the trustee as assets of the estate and that, being thus in the custody of the court, the claim of one to whom the owner of the seat had previously made an assignment of it to secure a debt, was to be settled in a summary proceeding in the bankruptcy court. Judge Lurton, afterwards a Justice of this Court, in passing on the question of possession, said (p. 737):

" The ' seat ' or ' membership ' continued to be the ' seat ' of Henrotin, [the bankrupt] and was a pecuniary asset which passed to his trustee. It was as much in his custody and possession as such a species of property is capable of. . . . Only through a court of equity can the pecuniary value of such an asset be realized to creditors or assignees. Only by decree *in personam* compelling the bankrupt member can such a transfer of membership be effectuated as will put the buyer in the place of Henrotin as a member. Over him for that purpose the bankrupt court has exclusive control and in this sense, also, may it be said that the ' seat ' or ' membership ' was *in custodia legis* when the trustee sought the aid of the court to adjudicate the claims and liens asserted by O'Dell."

See also *In re Hoey,* 290 Fed. 116; *Orinoco Iron Co.* v. *Metzel,* 230 Fed. 40.

For the reasons given, we hold that the District Court had jurisdiction to determine the issues arising in respect to the membership by summary proceeding.

This brings us to the merits. The District Court ordered the transfer and sale of the seat free from all the claims and objections of the petitioners. The view of the court was that, because Henderson had duly posted his intention to transfer in May, 1919, and all the objections of creditor members then filed against such transfer had been settled or withdrawn before the petition in bankruptcy was filed against him, the right of the member creditors to object to the transfer had been lost. The rule which is applicable (Section 2 of Rule X) reads in part as follows:

" Every member shall be entitled to transfer his membership when he has paid all assessments due, and has against him no outstanding unadjusted or unsettled claims or contracts held by members of this Association, and said membership is not in any way impaired or forfeited, upon payment of two hundred and fifty dollars, to any person eligible to membership who may be approved for membership by the Board of Directors, after due notice by posting, as provided in Section 1 of this rule. . . . Prior to the transfer of any membership, application for such transfer shall be posted upon the bulletin of the exchange for a least ten days when, if no objection is made, it shall be assumed the member has no outstanding claims against him."

We do not think these last words are intended to operate as a statute of limitations against the making of objections before the Board of Directors to such a transfer after the ten days. The effect of the rule is to warrant the Directors in proceeding, after the ten days, to effectuate the transfer on the assumption that no one entitled

opposes it, and, if the transfer is completed before objection, those who have been silent are, of course, estopped. But if, at any time before the Directors act, otherwise valid objections are brought to their attention, it is too drastic a construction to hold that delay for ten days after notice has worked a forfeiture. To give the rule such a meaning, the intent should be more clearly expressed. The objections of most of the petitioners herein were filed within five days after the petition in bankruptcy and the Board never has acted on the application for transfer. The objections are therefore valid.

The claims of the petitioners are also attacked on the ground that they were debts of Lipsey and Company and not of Henderson, the bankrupt. There is nothing in this. The rules make the agent of a corporation who is a member and does business and makes contracts in its name on the Exchange, subject to discipline for a default in the obligations of the corporation. This impairs the membership of the agent and prevents transfer under Section 2, Rule X.

Nor is there any weight to the argument that, as the preference claims of petitioners were not asserted until after bankruptcy proceedings were begun, the transfer to the trustee was rendered free from their objection. Such a claim was negatived in *Hyde* v. *Woods, supra.* The preference of the member creditors is not created after bankruptcy. The lien, if it can be called such, is inherent in the property in its creation, and it can be asserted at any time before actual transfer. Indeed, the danger of bankruptcy of the member is perhaps the chief reason, and a legitimate one, for creating the lien.

We think, therefore, that the District Court and the Circuit Court of Appeals erred on the merits of the case. The claims of the petitioners amount to more than sixty thousand dollars, and these must be satisfied before the trustee can realize anything on the transfer of the seat for the general estate.

The decrees of the Circuit Court of Appeals and the District Court are reversed, and the case is remanded to the District Court to proceed in conformity with this opinion.

*Reversed.*