Matter of ALBERT ULMANN et al., Copartners under the Firm Name of SULZBACHER, GRANGER & COMPANY, Appellants, *v.* MIKE H. THOMAS, Defendant.

NEW YORK PRODUCE EXCHANGE, Respondent.

(Argued December 4, 1930; decided February 10, 1931.)

*Edward Gluck* and *William F. Unger* for appellants. A membership in the New York Produce Exchange is properly subject to realization by creditors in supplementary proceedings. (*Habenicht* v. *Lissah,* 78 Cal. 351; *Ritterband* v. *Baggett,* 10 J. & S. 557; *Powell* v. *Waldron,* 89 N. Y. 328; *Grocers' Bank* v. *Murphy,* 60 How. Pr. 426; *Londheim* v. *White,* 67 How. Pr. 467; *People* v. *Feitner,* 86 App. Div. 28; *Eliot* v. *Merchants' Exchange,* 14 Mo. App. 234; *Page* v. *Edmunds,* 187 U. S. 576; *Wrede* v. *Gilley,* 132 App. Div. 293; *Platt* v. *Jones,* 96 N. Y. 24; *Leggett* v. *Waller,* 39 Misc. Rep. 409.) A receiver should be appointed where the judgment debtor owns a membership in an exchange. (*Platt* v. *Jones,* 96 N. Y. 24; *Powell* v. *Waldron,* 89 N. Y. 328; *Ritterband* v. *Baggett,* 42 N. Y. Super. Ct. 556; *Grocers' Bank* v. *Murphy,* 60 How. Pr. 426; *Wrede* v. *Gilley,* 132 App. Div. 293; *Dease* v. *Reese,* 39 Misc. Rep. 657; *Leggett* v. *Waller,* 39 Misc. Rep. 408; *Matter of Stafford,* 105 App. Div. 46; *Matter of 1101 Park Avenue Corp.* v. *Cornell,* 103 Misc. Rep. 394.) The courts of New York have jurisdiction to appoint a receiver in the premises. (*Plimpton* v. *Bigelow,* 93 N. Y. 592.)

*Frederick S. Fisher* and *William D. Gaillard* for respondent. The New York Produce Exchange has no property of or belonging to the judgment debtor and is not indebted to the judgment debtor. (*Belton* v. *Hatch,* 109 N. Y. 593; *Hyde* v. *Woods,* 94 U. S. 523; *Garrigues* v. *New York Produce Exchange,* 213 App. Div. 625; *American Live Stock Commission Co.* v. *Chicago Live Stock Exchange,* 143 Ill. 210; *Powell* v. *Waldron,* 89 N. Y. 328; *Parish* v. *New York Produce Exchange,* 169 N. Y. 34; *Matter of Haebler* v. *New York Produce Exchange,* 149 N. Y. 414; *Weaver* v. *Fisher,* 110 Ill. 146; *Allien* v. *Wotherspoon,* 18 Jones & Spencer, 417; *DeLacy* v. *Gilchrist,* 151 N. Y. Supp. 508; *Eliot* v. *Merchants Exchange,* 14 Mo. App. 234; *McNeil* v. *Tenth Nat. Bank,* 46 N. Y. 325; *Com-*

*mercial Bank* v. *Kortright,* 22 Wend. 348; *Smith* v. *American Coal Co.,* 7 Lans. 317; *Cushman* v. *Thayer,* 76 N. Y. 365; *Comeau* v. *Guild Farm Oil Co.,* 3 Daly, 218.) The Exchange must require the surrender of the certificate issued to the judgment debtor and, therefore, the judgment creditors must reach the certificate. (*Nowy Swiat Publishing Co.* v. *Misiewicz,* 246 N. Y. 58; *New York C. R. R. Co.* v. *Schuyler,* 34 N. Y. 30; *Smith* v. *American Coal Co.,* 7 Lans. 317; *Cushman* v. *Thayer,* 76 N. Y. 365; *Comeau* v. *Guild Farm Oil Co.,* 3 Daly, 218; *Rice* v. *Rockefeller,* 134 N. Y. 174.) The judgment creditors are not entitled to the appointment of a receiver. (*Matter of Ehrich* v. *Root,* 134 App. Div. 432; *Matter of Stafford,* 105 App. Div. 46; *Kelsey* v. *Webb,* 94 App. Div. 571; *Matter of 1101 Park Avenue Corp.* v. *Cornell,* 133 Misc. Rep. 397; *Stevens Co.* v. *Maus,* 155 App. Div. 249; *Press Pub. Co.* v. *McGill,* 136 N. Y. Supp. 177; *Ward* v. *Petrie,* 157 N. Y. 301; *Denning* v. *Schieffelin,* 7 N. Y. Supp. 98; *Matter of Meyer* v. *Consolidated Ice Co.,* 196 N. Y. 471.)

LEHMAN, J. The judgment debtor is a resident of Texas. After execution was issued upon the judgment, the judgment creditor obtained an order, in proceedings supplementary to execution, for the examination of the New York Produce Exchange. The examination disclosed that the judgment debtor is a member of the Produce Exchange. Then the judgment creditor moved for the appointment of a receiver. That motion was denied. No notice of the examination of the third party, and no notice of the application for a receiver, was served upon the judgment debtor within this State, and he has not appeared in the proceeding. The purpose of the application for the appointment of a receiver is to obtain such control of the membership of the judgment debtor in the Produce Exchange that it may be sold and the proceeds applied upon the judgment. The application is opposed by the Produce Exchange upon the ground

that without infraction of its by-laws it cannot transfer to a receiver or to a purchaser, upon a sale made by the receiver, any property rights in the Exchange membership of the judgment debtor.   Otherwise it has no interest in the proceedings.   In the absence of objection to the sufficiency of the moving papers, we consider upon this appeal only the question whether the membership of the judgment debtor in the New York Produce Exchange is property of such nature as to justify the appointment of a receiver in proceedings supplementary to execution.

The New York Produce Exchange is a membership corporation.   Its charter and by-laws fix the privileges and rights of its members.   Under the by-laws, these privileges and rights are not fieely transferable.   Indeed, they can pass in their entirety only to persons elected or approved by the Exchange.   The number of members is limited, and only those are eligible who have acquired membership rights by previous transfer made subject to the approval of the Exchange.   The privilege of doing business as a member of a commercial exchange may have very substantial value.   Since that privilege can be acquired only by a transfer from a member of his own membership, seats or membership in an exchange are subjects of sale and have a market value.   The courts have generally held that, to the extent that an exchange seat or membership includes rights which are transferable and the subject of purchase and sale, it constitutes property, and its proceeds should be applied in payment of the debts of an insolvent debtor.   Long ago this court said of a seat on the New York Cotton Exchange: "Although of a character somewhat peculiar, its use restricted, its range of purchasers narrow, and its ownership clogged with conditions, it was nevertheless a valuable right, capable of transfer and correctly decided to be property.   *   *   *   We should make of it an anomaly, difficult to deal with and to understand, if we failed to treat it as property.   The authorities which determine it

to be such, seem to us better reasoned and more wisely considered than those which deny to it that character, although the subject of ownership, of use, and of sale." (*Powell* v. *Waldron*, 89 N. Y. 328.)

A seat on the Philadelphia Stock Exchange passes to a "trustee in bankruptcy" (*Page* v. *Edmunds*, 187 U. S. 596), and so also does a seat on the Chicago Board of Trade. (*Chicago Board of Trade* v. *Johnson*, 264 U. S. 1.) Similarly it has been held that seats or membership in other commercial exchanges can be reached by attachment, proceedings supplementary to execution, or creditors' bills. (*Wagner* v. *Farmers Co-operative Exchange Co.*, 147 Minn. 376; *Matter of Stringer*, 253 Fed. Rep. 352; *Habenicht* v. *Lissak*, 78 Cal. 351; *Eliot* v. *Merchants Exchange*, 14 Mo. App. 234.)

In some of these cases the exchange was an unincorporated association; in others a membership corporation. Such differences are without significance. In all cases the rights of members are dependent upon charter or by-laws. If such rights can be transferred to another and have a pecuniary value, then they constitute a form of property which is subject to claims of creditors. Even then, however, they can be reached by creditors only through appropriate proceedings, by which a transfer of such rights can be compelled or effectuated.

Here the by-laws of the Exchange provide that " each member shall be entitled to receive a certificate of membership." That certificate is transferable only " to a person elected to membership," but a candidate for election may be approved and elected only " on presentation of a certificate of membership duly assigned to him." Where a member has failed to pay assessments, the Exchange can sell at public auction the certificate of membership and all interest therein, and by such sale can compel a transfer of title without consent or co-operation of the member. Then it may issue to the purchaser a new certificate. In all other cases an assignment of the certificate is a con-

dition precedent to the acquisition of full rights of membership in the Exchange, and so far as such rights of membership are transferable they pass by assignment of the certificate and in no other way.

It has been pointed out that certificates of stock are " only evidence of the ownership of the shares, and the interest represented by the shares is held by the Company for the benefit of the true owner." (*Jellenik* v. *Huron Copper Mining Co.*, 177 U. S. 1.) The interest, held by the company for the benefit of the owner, constitutes property apart from the certificates which represent that interest. (*Holmes* v. *Camp*, 219 N. Y. 359.) We do not consider how far analogy may be pushed between an interest in a stock corporation represented by a certificate of stock, and a membership in a membership corporation represented by a certificate of membership. (See *American Exchange Nat. Bank* v. *Woodlawn Cemetery*, 194 N. Y. 116.) We assume that the judgment debtor's membership interest in the Exchange is, in a sense, property apart from his ownership of the certificate. We may assume that this property is not beyond the reach of creditors, through creditor's bills or appropriate proceedings supplementary to execution; or attachment; and that it passes to a trustee in bankruptcy; but since under the by-laws of the Exchange that property can be transferred only by assignment of the certificate, the question still remains whether, without control of the certificate or of the person of the judgment debtor, that property can be applied to the payment of the indebtedness.

The certificate itself cannot be reached in this proceeding, for it has not been found here. The judgment debtor cannot be compelled to assign the certificate, for he is without the jurisdiction of our courts. The Produce Exchange has no right under its by-laws to issue a new certificate to the receiver, so long as the old certificate is outstanding, nor can it elect to membership an assignee

of the receiver, for the receiver cannot assign a certificate which he does not control. The property, if any, within the State held in trust by the Produce Exchange for the judgment debtor is a mere shadow, which cannot be effectively grasped by creditors. The substance is in fact represented by the certificate, if not indeed embodied in that certificate.

In most, if not all, of the cases cited the situation is entirely different. There the court either had control of the certificate or could compel its assignment. So in *Chicago Board of Trade* v. *Johnson* (*supra*) the court stated: " The trustee does not become a member, but he does come into control of the bankrupt's right to dispose of the membership; and, with the aid of the bankruptcy court, can require the bankrupt to do everything on his part necessary under the rules of the Board to exercise this right." Here on the contrary, the receiver could not be put in control of the debtor's right to dispose of his membership. Indeed, it does not even appear that the debtor may not already have exercised that right, and in the absence of jurisdiction of the person of the debtor acquired in this proceeding, the court cannot compel the debtor to " do everything on his part necessary under the rules of the Board (exchange) to exercise this right."

Proceedings to compel the application of a debtor's property to payment of his debts are futile where no power of compulsion exists. Membership in an exchange is property which may be reached by appropriate proceedings supplementary to execution or creditors' bills, but only where the court obtains jurisdiction by which it can compel an involuntary transfer. (See Freeman on Executions [3d ed.], § 110.) In *O'Dell* v. *Boyden* (150 Fed. Rep. 731) Judge LURTON stated: " Only by decree *in personam* compelling the bankrupt member can such a transfer of membership be effectuated as will put the buyer in the place of Henrotin as a member." (Cited

with approval in *Chicago Board of Trade* v. *Johnson, supra.*) No such decree *in personam* can be made in these proceedings against a judgment debtor not within the jurisdiction.

We do not say that in such circumstances the court could not appoint a receiver, leaving open the question whether the receiver could thereafter successfully bring proceedings to compel a transfer of the certificate. We do say that where, without personal notice to a non-resident debtor, a receiver is sought for the purpose of taking possession or control of particular property, and it does not appear that the receiver can acquire any effective control of the property, it is at least within the discretion of the court to refuse to make a futile appointment.

The order should, therefore, be affirmed, with costs.

CARDOZO, Ch. J., POUND, CRANE, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Order affirmed.