## In re WECHSLER.

District Court, S. D. New York.
Jan. 24, 1939.

Joseph Dannenberg, of New York City (Julius M. Arnstein, of New York City, of counsel), for trustee.

Solomon S. Friedman, of New York City, for respondent Standard Electric Sign Co., Inc.

PATTERSON, District Judge.

The trustee of the debtor brought a summary proceeding for an order adjudging invalid an alleged assignment by the debtor of a right to a refund of a liquor license. His petition showed that on October 1, 1937 a liquor license covering premises at 107–109 West 43rd Street, New York City, was issued to Lask, Levy and the debtor; that on December 27, 1937, the

license was indorsed to run in favor of the debtor alone; that meanwhile on December 16, 1937 the debtor had made what purported to be an assignment to the respondent, Standard Electric Sign Co., Inc., of his right to any refund in connection with the license, at which time there was no refund due or payable and the license itself was not assignable; and that later when the right to a refund accrued the debtor was insolvent and such insolvency was known to the respondent. The prayer was that the assignment to the respondent be adjudged void. The respondent appeared specially and moved to dismiss on the ground that the bankruptcy court lacked jurisdiction to entertain the matter on summary petition. The referee overruled the respondent's objection to the jurisdiction.

The summary jurisdiction of the bankruptcy court to determine title to property depends on whether the property was in possession, actual or constructive, of the debtor at the time when the bankruptcy petition was filed. Taubel-Scott-Kitzmiller Co. v. Fox, 264 U.S. 426, 44 S.Ct. 396, 68 L.Ed. 770. In the case of a license with the characteristics of property, there is summary jurisdiction to determine title if the debtor was in possession of the usual rights or privileges covered by the license when the bankruptcy proceeding was commenced, see Board of Trade of Chicago v. Johnson, 264 U.S. 1, 44 S.Ct. 232, 68 L.Ed. 533, or if an alleged adverse claimant has a title or lien that is only colorable. Taubel-Scott-Kitzmiller Co. v. Fox, supra. Ordinarily the right to a refund of the fee paid for a liquor license is an asset passing to the licensee's trustee in bankruptcy. In re Manhattan Hof-Brau Haus, D.C., 19 F.Supp. 896.

The petition in this case is not as strong as it might be. There is no showing of the date when the bankruptcy or reorganization petition was filed or of the state of affairs at the time when the right to a refund of license fee accrued. But it cannot fairly be said that the petition on its face fails to show a case for summary jurisdiction. By direct statement or by fair inference enough is alleged to show that the license was in possession of the debtor. The respondent offered no evidence. The referee was right in denying the motion, and his order will be affirmed.