## ENGLAND v. NYHAN.

### No. 10424.

Circuit Court of Appeals, Ninth Circuit.

Feb. 21, 1944.

Dinkelspiel & Dinkelspiel and B. H. Muldary, all of San Francisco, Cal., for appellant.

Bernard Nugent, of San Francisco, Cal., for appellee.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

Appellant, John O. England, trustee in bankruptcy of the estate of James P. Nyhan, brings this appeal from an order of the district court affirming the order of the referee in bankruptcy who sustained a plea to the summary jurisdiction of the bankruptcy court entered by the appellee, David Nyhan.

The present issue arose out of a petition filed in the bankruptcy court by which appellant sought an order permitting him to sell a license or permit to operate eight taxi cabs in the City of San Francisco free and clear of any claim of the appellee. It was there alleged that on November 17, 1941, an involuntary petition in bankruptcy was filed against James P. Nyhan; that he had been subsequently adjudged a bankrupt; that on November 11, 1941, he had owned and was entitled to possession of the taxi permit; that David Nyhan, brother of the Bankrupt, claimed some interest in the permit but in fact any possession he might have of the permit was as an agent or trustee for the bankrupt.

In response to the order to show cause issued by the bankruptcy court, David Nyhan filed a verified plea to the jurisdiction of that court in which he contended that the petition of the trustee affirmatively showed the issue was one which should be determined in a plenary action absent his consent to the summary jurisdiction of the bankruptcy court, and that he was the owner of the license or permit. He further asserted that the only interest in the bankrupt by reason of the issuance of the permit in his name, was that of trustee in favor of the appellee.

At the subsequent hearing on the order to show cause and on appellee's plea to the jurisdiction of the court, the testimony taken revealed that prior to the filing date of the original petition in bankruptcy, James Nyhan had made several attempts to transfer the taxi permit to his brother. The certificate representing his right had been endorsed and applications filed with

the proper local authorities. But approval by the Police Commission of San Francisco, necessary to accomplish such an assignment of the permit,[1] had been denied, its order to this effect having issued on November 17, 1941. At the same time the endorsed certificate had been returned to both brothers.

The referee found the permit was in the joint possession of both the bankrupt and David Nyhan but held that in the face of the verified plea by the latter asserting his ownership and that the bankrupt's only interest in the permit was one of trusteeship or agency he was without jurisdiction to hear in a summary proceeding the issue raised. He further found the possession of the bankrupt, as an agent, was the possession of the claimant.

■ First, appellee has filed a motion to dismiss the appeal on the grounds that under the second proviso of § 24, sub. a, of the Bankruptcy Act, 52 Stat. 854, 11 U.S.C.A. § 47, sub. a, this court is without jurisdiction for there is no showing that the amount involved is at least $500.00 or that consent was obtained from this court. We do not agree. This proceeding does not involve directly any sum of money within the meaning of that proviso. In re Winton Shirt Corp., 3 Cir., 104 F.2d 777, 779; Robertson v. Berger, 2 Cir., 102 F.2d 530, 531. Rather it is an action to determine the respective rights of the parties in certain property or privilege of undetermined value. The motion is denied.

■ Turning to the merits, though it was proper for the bankruptcy court to make a preliminary inquiry into the question of its own jurisdiction, Harrison v. Chamberlin, 271 U.S. 191, 194, 46 S.Ct. 467, 70 L.Ed. 897, we believe the conclusions drawn by the referee and their affirmance by the district court was error.

■ It is not clear whether the referee's finding that both the bankrupt and the appellee had joint possession of the permit related to a manual control of the certificate or a possession derived from some form of joint ownership. But it is clear, and undisputed here, that at the time the petition in bankruptcy was filed the permit to operate the taxi cabs was in the name of the bankrupt and by the provisions of the local laws he was the only person able to operate the cabs under its sanction. It is likewise clear that any attempted transfers made prior to the filing date were ineffectual and the appellee took nothing. Cf. O'Dell v. Boyden, 6 Cir., 150 F. 731, 736.

■ Under these circumstances an assertion that the bankrupt holds property as a trustee or an agent adds nothing to the issue of possession. For where title is in another person an allegation of agency is merely a more particularized manner of pleading actual ownership or some other claim to the property in terms of legal conclusions.

■ Without elaborating on the difficulties attending the concept of possession of a right or a license evidenced by a non-negotiable certificate and personal in nature in that assignability is dependent upon the consent of the grantor or licensor, Matter of Marsters, 7 Cir., 101 F.2d 365, it is well established that "possession" sufficient for the purpose here is in the person in whose name the right or license is registered. Board of Trade of City of Chicago v. Johnson, 264 U.S. 1, 12, 44 S.Ct. 232, 68 L.Ed. 533; Seattle Curb Exchange v. Knight, 9 Cir., 46 F.2d 34. Such possession is the test of the summary jurisdiction of the bankruptcy court, Thompson v. Magnolia Petroleum Co., 309 U.S. 478, 481, 60 S.Ct. 628, 84 L.Ed. 876, and once that jurisdiction is established the substantiality of the adverse claim is immaterial. Taubel-Scott-Kitzmiller Co. v. Fox, 264 U.S. 426, 44 S.Ct. 396, 68 L.Ed. 770.

■ Here the bankrupt was possessed of the permit and it was a part of his estate over which the bankruptcy court had jurisdiction. Therefore the trustee was entitled to have a determination of adverse claims in a summary proceeding.

The order of the district court is reversed and the cause remanded.

Reversed and remanded.

---

[1] San Francisco Police Code, § 1079.