In the Matter of HELEN A. SMITH, Judgment Creditor, against HERMAN V. SMITH, Judgment Debtor.

Supreme Court, Special Term, Queens County, June 26, 1946.

*Arnold R. Lewis* for judgment creditor.

*Carl D. Isaacs* for judgment debtor appearing specially.

COLDEN, J. Motion by judgment creditor in supplementary proceedings for the appointment of a receiver of the property of the judgment debtor.

From the supporting affidavit it appears that the only assets known to the judgment creditor are two insurance policies on the life of the judgment debtor, the beneficiary of which is a third person, to wit, the judgment creditor. The judgment debtor contends that these assets are not subject to levy and execution (Insurance Law, § 166) and, therefore, are not subject to seizure in supplementary proceedings (Civ. Prac. Act, § 792), but it is unnecessary to decide this point as a receiver in supplementary proceedings may be appointed " whether or not it shall appear that the judgment debtor has property applicable to the payment of the judgment." (Civ. Prac. Act, § 804, subd. 1.)

Prior to 1938, it was improper to appoint a receiver where the evidence disclosed no property subject to the receivership. (*Matter of Berman* v. *Goldstein,* 254 App. Div. 629.) In 1938, the Legislature amended section 804 of the Civil Practice Act (L. 1938, ch. 605) by adding the language above quoted and changing the word " may " to " must " in the phrase " the court must make an order appointing a receiver ".

Even prior to that amendment, the Court of Appeals in 1931, while affirming the denial of the appointment of a receiver where it appeared that the receiver could not acquire any effec-

tive control of the property on the ground that " it is at least within the discretion of the court to refuse to make a futile appointment " in the same paragraph said: " We do not say that in such circumstances the court could not appoint a receiver, leaving open the question whether the receiver could thereafter successfully bring proceedings to compel a transfer of the certificate." (*Matter of Ulmann* v. *Thomas*, 255 N. Y. 506, 513.)

Similarly here, the court will grant the motion appointing a receiver, leaving open the question as to whether these assets can be effectively reached by said receiver. Accordingly, the judgment creditor will be appointed receiver of the property of the judgment debtor. Bond will be fixed in the sum of $250.

Submit order.