815 F.2d 701
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re Katherine B. BONDS a/k/a Kathy Bonds, Debtor.
F.N.M.A. by NATIONAL MORTGAGE COMPANY, Plaintiff-Appellant,
v.
Katherine B. BONDS a/k/a Kathy Bonds, Defendant-Appellee.
 Nos. 86-5191 and 86-5336.
 United States Court of Appeals, Sixth Circuit.
 March 3, 1987.
 
 Before KEITH and KENNEDY, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Appellant appeals from a judgment of the district court affirming the bankruptcy court's order reinstating appellee's wage earner plan and requiring appellant to convey appellee's home back to the wage earner trustee. Because the district court correctly determined that the bankruptcy court had jurisdiction and authority to issue the order, we affirm.
 
 
 2
 Appellee filed a Chapter 13 petition on September 20, 1982, in the Bankruptcy Court of the Western District of Tennessee. The bankruptcy court confirmed a wage earner plan which obligated the appellee to pay the pre-wage earner arrearage owed to the appellant mortgage company. At the same time appellee resumed paying her current mortgage payments to the appellant.
 
 
 3
 On several occasions between 1982 and 1985, appellee fell behind on her current mortgage payments. On at least two occasions, appellant moved the bankruptcy court to vacate its automatic stay, thereby permitting appellant to foreclose on appellee's home. On December 29, 1983, a hearing was held in the bankruptcy court on the appellee's application to prevent appellant from foreclosing. The bankruptcy court ruled that appellant could conduct its foreclosure sale, but the sale was to be a conditional sale. That is, the appellant would be enjoined from recording its Substitute Trustee's deed until appellee failed to comply with certain conditions.
 
 
 4
 On January 17, 1985, a form order bearing the bankruptcy judge's signature dismissed the wage earner plan. Appellant recorded the substitute trustee's deed to appellee's home eight days later. On April 24, 1985, appellee filed a motion to set aside the January 17, 1985, order of dismissal. The bankruptcy court heard appellee's motion on the merits with a full hearing and found that the order was issued completely by mistake. It ordered appellee's wage earner plan reinstated. The bankruptcy court further ordered appellant to record a correction of its deed, thus setting aside the foreclosure. Appellant then appealed the bankruptcy judge's order to the district court. The district court upheld the order. It is from this order that the appellant appeals.
 
 
 5
 Appellant initially argues that pursuant to 11 U.S.C. Sec. 362[1], the bankruptcy court had no statutory authority to reinstate the automatic stay.[2] We disagree. Although 11 U.S.C. Sec. 362 does not expressly provide for the reinstatement of an automatic stay, 11 U.S.C. Sec. 105(a) states that "[t]he bankruptcy court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions [of Title 11]." Thus, the court had ample statutory authority to reinstate appellee's wage earner plan upon its determination that the plan had been mistakenly dismissed. See, e.g., In Re Chicco, 23 Bankr. 292 (Bankr. 1st Cir.1982); In Re Nautilus Virgin Charters, Inc., 22 Bankr. 468 (Bankr.D.V.I.1982). Furthermore, Fed.R.Civ.P. 60 provides that a court may relieve a party from a final judgment, order or proceeding if a mistake has been made. Bankruptcy Rule 9024 expressly makes Fed.R.Civ.P. 60 applicable to bankruptcy proceedings. Federal's Inc. v. Edmonton Investment Co., 555 F.2d 577, 583 (6th Cir.1977). Thus, the bankruptcy court also had statutory authority to reinstate the plan under the Federal Rules of Civil Procedure.[3]
 
 
 6
 Appellant's argument that no mistake existed warranting relief under Fed.R.Civ.P. 60 has no validity. As the district court pointed out at the hearing on appellee's motion to set aside the order dismissing the case, the bankruptcy court implicitly found that the order was issued by mistake. The district court noted that the finding could be overturned only if it was "clearly erroneous". Bankruptcy Rule 8013; See In Re Schwen's, Inc., 693 F.2d 48, 49 (8th Cir.1982); Farmer's Co-op Association of Kansas v. Strunk, 671 F.2d 391, 395 (10th Cir.1982). This finding was made based on the trustee's credible and uncontroverted testimony that the order was issued by mistake. In light of this testimony, the finding that the order was issued by mistake is not clearly erroneous.
 
 
 7
 Appellant next argues that under Tennessee law the execution, delivery and signing of the substitute trustee's deed transferred the property from appellee to appellant and removed the property from appellee's estate. Appellant contends that the bankruptcy court lost jurisdiction over appellee's home at this point. We disagree.
 
 
 8
 Decisions of state courts defining property rights do not bind the federal bankruptcy courts when those decisions conflict with the policy and proper construction of the bankruptcy laws. Board of Trade v. Johnson, 264 U.S. 1 (1923); In re Lahman Mfg. Co., 33 Bankr. 681, 687 (Bankr.D.S.D.1983); In re Gunder, 8 Bankr. 390, 392 (Bankr.S.D.Ohio 1980). In regard to appellant's contention, the district court stated:
 
 
 9
 Here, the court, presumably pursuant to 11 U.S.C. Section 105, expressly limited the scope of the transfer. The court essentially ordered that title to and possession of appellee's home would pass from appellee to appellant only upon appellee's failure to meet certain conditions. Satisfaction of those conditions would render null and void all the acts allowed by the court to occur in preparation for the transfer. This order preempted any state law which might attribute some other legal significance to those acts. Therefore, in the absence of any evidence or finding that appellee failed to satisfy the specified conditions, this court cannot hold that title passed from appellee to appellant and that therefore the bankruptcy court lost jurisdiction prior to the order of dismissal on January 17, 1985.
 
 
 10
 We are in agreement with the district court and therefore hold that the bankruptcy court did not lose jurisdiction over the property when the substitute trustee's deed was executed.
 
 
 11
 Lastly, the appellant argues that the bankruptcy court had no authority to allow the foreclosure to take place and then order the foreclosing creditors not to record the trustee's deed. Appellant essentially contends that the title was conveyed to it under the applicable state law; thus the property had no conceivable benefit to appellee. Appellant therefore argues that the Bankruptcy Court had no authority to enjoin the recording of the trustee's deed because this act was not necessary to aid the bankruptcy estate or carry out the provisions of the Bankruptcy Code. See 11 U.S.C. Sec. 105. We disagree.
 
 
 12
 As noted earlier, decisions of state courts defining property rights do not bind the federal bankruptcy courts when those decisions conflict with the policy and proper construction of the bankruptcy laws. Board of Trade v. Johnson, 264 U.S. 1 (1923); In re Lahman Mfg. Co., 33 Bankr. 681, 687 (Bankr.D.S.D.1983); In re Gunder, 8 Bankr. 390, 392 (Bankr.S.D.Ohio 1980). Thus, appellant's argument fails because it is premised on a state law which conflicts with the proper construction of the bankruptcy laws.
 
 
 13
 Accordingly, for the reasons set forth herein, we AFFIRM the judgment of the Honorable Julia Smith Gibbons, United States District Court for the Western District of Tennessee.
 
 
 
 [1]
 11 U.S.C. Sec. 362(a) states that an automatic stay is imposed upon the filing of a petition in bankruptcy
 
 
 [2]
 Appellant also argues that the bankruptcy court had no jurisdiction over subject property pursuant to 11 U.S.C. Sec. 1327 and no personal jurisdiction over appellant once the motion to vacate the automatic stay was granted. We disagree. The bankruptcy court had jurisdiction over the subject property. If it did not, it never could have ordered a foreclosure in the first place. Also, the bankruptcy court had personal jurisdiction over the appellant because the bankruptcy judge in his opinion aptly pointed out that appellant had twice appeared and argued this case on the merits since the stay was first lifted on May 17, 1983
 
 
 [3]
 We note that the district court correctly held that the bankruptcy court did not abuse its discretion in vacating the dismissal and directing appellant to return the property pursuant to Fed.R.Civ.P. 60. See In re Asusa, Inc., 47 Bankr. 928-930 (Bankr.S.D.N.Y.1985) (The decision of whether the court will be able to reestablish the rights of the opposing party as they stood when the original judgment was reordered is in the first instance for the bankruptcy court in its sound discretion to decide)